Matter of Tartaglio, 12 Misc. Rep. 245, 33 N. Y. Supp. 1121; Matter of Davenport, 43 Misc. Rep. 573, 89 N. Y. Supp. 537.

Decree ordered accordingly.

---

### In re KIRTLAND'S ESTATE.

(Surrogate's Court, New York County. February 15, 1916.)

1. TAXATION ⬅886½—TRANSFER TAXES—IMPOSITION.

Where the decedent stood in the mutually acknowledged relation of parent to a legatee, treating and introducing such legatee as her daughter, the legacy was taxable under Tax Law (Consol. Laws, c. 60) § 221a, added by Laws 1911, c. 732, at the rate of 1 per cent.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ⬅886½.]

2. TAXATION ⬅895—TRANSFER TAXES—APPRAISAL.

In assessing transfer taxes upon the property of a nonresident decedent, the appraiser should deduct from the assets in the state the proportion of debts and administration expenses in a foreign state which the local assets bore to the entire assets of the estate.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. ⬅895.]

In the matter of the imposition of transfer taxes upon the estate of Anna T. E. Kirtland, deceased. Appraiser's report remitted for correction.

Morgan, Morgan & Carr, of New York City (Reid L. Carr, of New York City, of counsel), for executor.

Manley & Grand, of New York City, for beneficiary.

J. T. Durham, of New York City (A. O. Briggs, of Rockaway Beach, of counsel), for state comptroller.

FOWLER, S. The transfer tax appraiser reported that Anna Hunloke Manley, a legatee under the will of the decedent, was the grandniece of the decedent, and the order entered upon his report assessed a tax upon her legacy at the rate of 5 per cent. The executor and trustee has appealed from the order, and contends that the decedent stood in the mutually acknowledged relation of parent to Anna Hunloke Manley for more than 10 years immediately prior to her death, within the meaning of that phrase in section 221a of the Tax Law, and that therefore the value of her legacy should be taxed at the rate of 1 per cent.

[1] The evidence adduced before the appraiser shows that the decedent had her domicile in New Jersey and died on the 23d day of October, 1912; that Anna Hunloke Manley was her grandniece, and that she came to live with the decedent when she was less than 2 years of age; that she was clothed, supported, and educated by the decedent; that she continued to live in the home of the decedent until she was married; that the decedent frequently introduced her to strangers as

her daughter, and addressed her as "daughter" orally, as well as in written communications. From all the evidence taken before the appraiser I find that the decedent stood in the mutually acknowledged relation of parent to Anna Hunloke Manley; that this relationship commenced before her fifteenth birthday and was continuous for more than 10 years thereafter, and that it continued until the death of the decedent. Matter of Davis, 184 N. Y. 299, 77 N. E. 259. Her legacy, therefore, is taxable at the rate of 1 per cent.

[2] The executor and trustee also appeals from the order fixing tax upon the ground that the appraiser refused to deduct from the assets in this state the proportion of debts and administration expenses in New Jersey which the New York assets bore to the entire assets of the estate. The appraiser merely deducted from the New York assets the expenses of administration and commissions allowed by the laws of this state. He should also have deducted the proportion of the debts due to nonresidents, and administration expenses incurred in the state of decedent's domicile, which the net New York assets bore to the entire assets of the estate wherever situated. Matter of Porter, 67 Misc. Rep. 19, 124 N. Y. Supp. 676, affirmed 148 App. Div. 896, 132 N. Y. Supp. 1143.

The order fixing tax will be reversed, and the appraiser's report remitted to him for correction as indicated.