Matter of the Estate of ROSALIE STEELE, Deceased.

(Surrogate's Court, New York County, December, 1916.)

Wills — devise — direction to executors to pay certain obligations out of real estate devised to son.

Transfer tax — taxes assessed on personal property of nonresident may not be deducted from real estate — wills.

Where a devise to the sons of testatrix directed that if any real estate owned by her at the date of her will was sold before her death the proceeds should be regarded as real estate for the purposes of testamentary disposition, real estate of which she died seized passed to her said sons.

Where the will directed the executor to pay certain obligations of testatrix out of real estate devised to one of her sons, there should be deducted from his interest in said real estate the amount remaining unpaid upon said obligations of testatrix.

Where the personal estate of a non-resident decedent within this state is sufficient to meet the expenses of administration they should not, in a transfer tax proceeding, be deducted from the real property in this state of which she died seized.

Taxes assessed on the personal property of a non-resident decedent are payable out of the personalty and may not be deducted from the real estate.

Where the will gave the executors a power of sale over the real estate of testatrix which had not been exercised at the time the transfer tax proceeding was commenced, the appraiser may properly refuse to deduct the executor's commissions upon sales of real estate.

APPEAL from an order assessing a transfer tax.

Cadwalader, Wickersham & Taft, for appellants.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Comptroller.

FOWLER, S.   The executor has appealed from the order assessing a tax upon the estate of the decedent and contends that the appraiser erred in reporting that decedent's interest in the premises No. 56 Prince street, in the borough of Manhattan, city of New York, should be divided equally between her three sons.   In the third article of her will the decedent devised to her three sons, Julian, George and Charles, all her real estate situated in the state of New York or elsewhere in the United States, and directed that if any of the real estate owned by her at the date of the execution of her will was sold prior to her death the proceeds should be regarded as real estate for purposes of disposition under her will.   In article 6 of her will she bequeathed all of her personalty in

182       Matter of Steele.

Surrogate's Court, New York County, December, 1916. [Vol. 98.

the United States to her two sons, George and Charles, but it was expressly stated in that article that such bequest did not include the proceeds of any of the real estate owned by her at the date of the execution of her will, but sold prior to her death. There is nothing in this article of the will which limits the general devise contained in article 3. The decedent does not direct that any real estate purchased by her after the execution of her will should be regarded as personalty for the purpose of limiting its disposition to persons to whom she bequeathed her personal property. As she devised her real estate equally to her three sons, and as she was seized of an interest in the premises No. 56 Prince street, in the borough of Manhattan, city of New York, at the time of her death, the appraiser was correct in dividing this interest equally between the decedent's three sons.

The executor also contends that the appraiser erred in failing to deduct $12,140.81 from the value of the real estate devised to decedent's son Julian McCarthy Steele. The papers attached to the appraiser's report show that the decedent, some years prior to her death, entered into a marriage contract on behalf of her son Julian, by which she agreed to pay to the trustees therein mentioned the sum of £12,000 at the date of her death. In her will she directed her executors to pay the said sum of £12,000 out of that part of the real estate in the United States which she had devised to her son Julian. Part of the real estate of which she was seized at the date of the execution of the will was sold subsequently, but prior to the date of her death, and under the terms of the will Julian was entitled to one-third of such proceeds. His share, however, was $12,140.81 less than the amount which the decedent directed her executors to pay out of his

share of the real estate to the trustees under the marriage agreement. As the amount which the decedent agreed to pay under the marriage agreement constituted a valid claim which was enforcible against the executors, and as she directed in her will that it should be paid out of a certain part of her estate, namely, the interest devised to her son Julian in her real estate in this state, the amount of such claim should be deducted from the real estate in this state devised to Julian; and as the sum of $12,140.81 remained unpaid on the claim after Julian's share of the proceeds of the real property sold during the lifetime of the decedent had been applied to its payment, this sum should be deducted from the value of his interest in decedent's real estate. The appeal of the executor on this point is sustained.

The executor also contends that the appraiser erred in refusing to deduct $5,000 administration expenses from decedent's real estate in this state. The decedent was a non-resident. At the time of her death she was seized of certain real estate in this state. She was also the owner of certain personal property located in this state, the exact amount of which is not stated in the affidavit of the executor; but from a stipulation filed by the executor and the attorney for the state comptroller it appears that the value of the personal property in this state exceeded $60,000. As there was sufficient personal property to pay the administration expenses they should be deducted in toto from the personal property. It is only when the personal property is insufficient to pay the administration expenses that recourse may be had to the real estate. Code Civ. Pro. § 2705. The appeal on this point is dismissed.

The executor also contends that the appraiser erred in failing to deduct from the value of the real estate

the sum of $4,256,, taxes assessed upon the personal property of the decedent prior to her death. The personal property which the decedent owned in this state at the time of her death is not subject to a transfer tax in this state. Any taxes assessed by the state or municipality on such personalty constitutes an indebtedness which is payable out of the personalty.

The executor also contends that the appraiser erred in refusing to deduct executor's commissions upon the real estate. The decedent devised her real estate in this state to her children. She also gave to her executor a power of sale. The power was not exercised at the time this proceeding was before the appraiser, and it may never be necessary for the executor to exercise it. Until such power of sale is actually exercised no commissions for the sale of such real estate can be allowed to the executors in a transfer tax proceeding. *Matter of Browning,* 95 Misc. Rep. 459.

The order fixing tax will be modified by making the taxable interest of Julian McCarthy Steele $57,397.35.

Order modified.