In the Matter of the Transfer Tax on the Estate of ABRAM NESBITT, Deceased.

SECOND NATIONAL BANK OF WILKES-BARRE, PENNSYLVANIA, as Executor, etc., of ABRAM NESBITT, Deceased, Appellant; STATE TAX COMMISSION, Respondent.

First Department, March 2, 1923.

Taxation — transfer tax — in determining deduction of administration expenses where estate is located partially in another State, real property passing by will is to be included — Federal estate tax is not deductible as charge of administration — contingent remainder in property in trust to children of testator's deceased daughter and in default of their taking by death to their issue and in default of issue to hospital corporation is presently taxable.

In determining deductions for administration expenses for the purpose of fixing a transfer tax, where a part of the testator's estate is located without this State, which deductions are allowed to be made in the proportion which the value of the estate in New York bears to the value of the estate situated elsewhere, the real property of the testator in each State passing by his will must be included in arriving at the proportion for deduction.

The Federal estate tax is not deductible as a charge of administration though it may have been allowed in Pennsylvania, the domicile of the testator.

A contingent remainder is presently taxable where property is left in trust to the children of the testator's son and in default of their taking by death before vesting, to their issue, and in default of issue, to a hospital corporation.

APPEAL by the Second National Bank of Wilkes-Barre, Pennsylvania, as executor, etc., from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 11th day of September, 1922, affirming a prior order fixing and assessing a tax upon the transfers of the property of the deceased.

*William L. Woodward*, for the appellant.

*Lafayette B. Gleason* [*Schuyler C. Carlton* of counsel], for the respondent.

McAVOY, J.:

There are three points raised on the appeal from the surrogate's order which assessed a transfer tax on the estate of a resident of the State of Pennsylvania. The first involves the question whether deductions for administration expenses, which are allowed to be made in the proportion which the value of the estate in New York bears to the value of the estate situated elsewhere, should be made, after wholly excluding from the values in New York and in the other State (the State of the domicile of testator) the real property which passed by the will of the decedent. The second point contested is whether or not the Surrogate's Court was correct in excluding from the deductions the amount paid for the Federal estate tax; and the third, whether contingent remainders under two trusts with a gift over, on failure of issue of the *cestuis*, to a hospital corporation, are presently taxable.

The decedent, who died on September 26, 1920, left an estate of real and personal property, both in the State of New York and Pennsylvania, of $6,175,919.34. He had debts amounting to $37,575.11, and his funeral expenses amounted to $1,804.98; administrative expenses were $4,698.45, and under the Pennsylvania law the commissions of three per cent on the gross personalty assessed amounted to $162,076.65. No commissions were claimed or allowed upon any real estate of the decedent, either in New York or Pennsylvania. The real estate was not resorted to for the payment of any of the debts, nor is there any charge upon the real estate for the debts under the will, and no trust or power in trust goes to the executor in connection with any of the real estate. It has passed directly to the son of the testator.

The section of the statute which it is claimed allows pro-ration in non-resident cases is subdivision 3 of section 220 of the Tax Law, which reads: " Whenever the property of a resident decedent, or the property of a nonresident decedent within this State, transferred by will, is not specifically bequeathed or devised, such property shall, for the purposes of this article, be deemed to be transfrered proportionately to, and divided *pro rata* among all the general legatees and devisees named in said decedent's will, including all transfers under a residuary clause of such will." (See, also, Laws of 1919, chap. 626, amdg. said § 220, subd. 3.)*

This act was passed to prevent executors from using New York

---

* Since amd. by Laws of 1922, chap. 431.— [REP,

property to pay the debts of a non-resident decedent and leaving no property subject to tax, or electing to use the New York property to pay legacies to persons entitled to low rates of taxation. It will be observed that this pro-rating relates both to the real and personal estate. The Tax Commission claims that real property should be excluded from the proportion between foreign and local assets after debts here and abroad have been deducted to determine the amount of the deductions here for administration expenses, because it is assumed that primarily real estate has no proportion of debts or expenses to bear where it is not specifically charged with debts, or it does not become necessary to discharge debts because of defect of the personal assets of the decedent. Where there is a conversion for purposes of a trust or a power in trust, the rule sought, it is said, would not apply.

There is a conflict in authority even in decisions of the same Surrogate's Court as to whether real estate ought to be excluded in arriving at the proportionate fraction for deduction in the assessment of the transfer tax. (*Matter of Baylies*, 148 N. Y. Supp. 912 [1914]; *Matter of Kirtland*, 94 Misc. Rep. 58 [1916]; *Matter of Porter*, 67 id. 19; affd., 148 App. Div. 896 [1911]; *Matter of De Raimbouville*, N. Y. L. J. July 27, 1916; *Matter of Steele*, 98 Misc. Rep. 180.) It is not always sure that real property was included in the estates involved in some of the cited cases, and in others the question is not discussed as though it were a mooted point. We conclude that the real property ought to be included in estimating the proportion for deduction of foreign debts and expenses; since there is a statutory pro-ration of all gifts presumed, unless they are specifically bequeathed or devised (Tax Law, § 220, subd. 3), there ought to be in a uniform scheme pro-ration of the entire estate here with the entire estate abroad. This indicates a legislative intent that pro-ration should be general, and not confined to personalty, in arriving at the proportion of deductions. Such a rule makes for fairness when all the estate here of a non-resident is realty, else the estate gets no deduction at all on account of foreign debts and expenses, although obviously it is not intended that the law should exclude an estate from proportionate deductions merely because it is entirely composed of realty in the taxing State.

As matter of pure reasoning, personalty as a rule is the only kind of property which is affected by deductions in passing to the executor, realty having no expense of administration as such in its devise to the devisee or descent to the heir. But the proportion permitted for deduction of foreign debts and expenses is stated in the rule adopted in assessments of the tax to be the proportion

that the estate here bears to the entire estate situate elsewhere. The proportion, therefore, of deduction for administration and debts need not be confined to the proportion wholly related to the personalty.

The plan of including the real estate of a non-resident decedent in computing the proportion for deduction of foreign debts and administrative expenses, so as to make the proportionate payment relate to the whole estate here as compared to the entire estate elsewhere, is now and will in effect hereafter be the method adopted in all instances, except where the optional commutation is availed of provided in section 221-d of the Tax Law (as added by Laws of 1922, chap. 433). Chapter 432 of the Laws of 1922, effective April first of that year, prescribes a definite rule for fixing the tax upon transfers from non-resident decedents. Under section 221-c of the Tax Law, as added by said act of 1922, it is provided:

" § 221-c. Rule for fixing the tax upon transfers from non-resident decedents. To fix the tax in the case of a transfer from a nonresident decedent, determine

" First: The aggregate transfer; that is, the fair market value of the property, real or personal, whether within or without the State, passing to the transferee from the estate of the decedent after making the deductions computed as if the decedent were a resident of this State and all his property were located within this State.

" Second: The New York transfer; that is, the fair market value of that part of the property, included in said aggregate transfer, passing to the transferee from property of which the transfer is taxable under this chapter, after computing the deductions as aforesaid.

" Third: The tax which would be imposed upon such aggregate transfer if the whole thereof were taxed under this chapter.

" The amount of the tax upon the transfer taxable hereunder shall be such a part of what the tax would be upon said aggregate transfer, as the said New York transfer bears to the said aggregate transfer, but without increasing the graded rate by the inclusion of property without the State and without taxing transfers of which the amount is not over five hundred dollars. "

This enactment makes no distinction in deductions for fixing the value of the transfer between realty and personalty, but deductions are made from the " aggregate transfer " within and without the State, and the tax is proportioned accordingly. Since there is no authoritative decision binding us to make a ruling otherwise in transfers made before this act became effective, the decision here should conform to the method now prescribed, and which will be adopted in the future.

As to the deduction of the Federal tax as a charge of administration because it is allowed in Pennsylvania the domicile of testator, we do not think we can admit that the amount of that tax is a proper deduction here, because of the direct ruling in *Matter of Sherman* (179 App. Div. 497; affd., 222 N. Y. 540) in which it was held that the Federal tax was not inclusive in deductions.

The contingent remainders taxed in the two trusts with a gift over to an exempt hospital corporation in the event of failure of issue of the original *cestuis que trust,* cannot be held too remote to be assessed at their present value at this time. (*Matter of Parker,* 226 N. Y. 260, 266.)

The devise is to the children of the testator's deceased daughter, and in default of their taking by death before vesting, to their issue, and in default of issue, to the hospital corporation. The contingency here is not remote; it is limited only on two lives, and the probability of issue of the grandsons; and the possibility of their taking is presently taxable.

The order appealed from should, therefore, be reversed, with costs, and the proceeding remitted to the surrogate for further action in accordance with this opinion.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with costs, and proceeding remitted to the surrogate for further action in accordance with the opinion.