In the Matter of the Appraisal of the Property of HENRY W. KING,
   Deceased, under the Act in Relation to Taxable Transfers of
   Property.

FRANCIS KING and CYRUS BENTLEY, as Surviving Executors and
   Trustees under the Last Will and Testament of HENRY W. KING,
   Deceased, Appellants; COMPTROLLER OF THE CITY OF NEW YORK,
   Respondent.

*Transfer tax — a firm having a manufacturing branch in New York and a sale
   department in another State — the debts, whether to vendors of goods or to banks,
   due by the former to New York creditors are to be first deducted from the New
   York assets.*

In a proceeding under the Transfer Tax Act it appeared that the decedent was a
   resident of the State of Illinois and was a member of a clothing firm which
   had a branch in the city of New York and one in the city of Chicago. The
   New York branch was mainly occupied in manufacturing and thereby incurred
   a large indebtedness, while the Chicago branch mainly sold and distributed the
   manufactured products and thereby made collections in excess of outlays. As
   a result thereof the debts owing to the New York creditors exceeded the value
   of the New York assets.

*Held,* that no transfer tax could be imposed;

That it was immaterial that the New York creditors of the firm were not the per-
   sons from whom it had purchased goods, but were banks from whom the firm
   had borrowed the money used in such purchase.

APPEAL by Francis King and another, as surviving executors and
trustees under the last will and testament of Henry W. King,
deceased, from an order of the Surrogate's Court of the county of
New York, entered in said Surrogate's Court on the 14th day of
February, 1902, affirming an order entered in said Surrogate's
Court on the 24th day of January, 1902, which confirmed the report
of an appraiser fixing, upon a re-appraisal, the transfer tax upon the
estate of Henry W. King, deceased, with notice of an intention to
bring up for review upon such appeal an intermediate order entered
in said Surrogate's Court on the 2d day of May, 1900, directing
such re-appraisal.

The testator, a resident of the State of Illinois, was a member of
the copartnership firm doing business in the city of New York
under the name of Browning, King & Co., and in the city of Chicago
under the name Henry W. King & Co., it being stipulated that the

separate branches in New York and Chicago constituted one firm for the purposes of this transfer tax proceeding. The remaining facts and the reasons on which it is sought to sustain the tax levied are thus stated by the learned surrogate (*Matter of King*, 30 Misc. Rep. 575): "The business of the firm consisted of manufacturing and selling clothing. The New York branch was mainly occupied in manufacturing and thereby incurred large debts; the Chicago branch mainly sold and distributed the manufactured products and thereby made collections in excess of outlays. As a result the debts owing to New York creditors exceeded the value of the New York assets, and it is claimed that these debts should be deducted and that nothing will remain subject to tax. No distinction of this kind can prevail. The entire firm assets must be valued, and the entire firm obligations ascertained; and the net assets in this State will be ascertained by deducting from their gross value such fraction of the entire obligations as the New York assets bear to the total assets. In other words, the New York assets must be charged, ratably with all other assets, with the debts of the firm."

From the order entered in accordance with the surrogate's view, the executors appeal.

*Clarence E. Thornall*, for the appellants.

*William E. Kisselburgh, Jr.*, for the respondent.

O'BRIEN, J.:

However desirous we may be to give a liberal construction in order to uphold a levy under the Transfer Tax Act (Laws of 1896, chap. 908, art. 10, as amd.), we think there is an insuperable objection to sustaining the tax fixed in this proceeding. Ordinarily on the death of a member of a firm the legal title to the assets of the firm vests in the surviving members, and what is left to the representatives of the deceased partner is the right to an accounting. (*Williams* v. *Whedon*, 109 N. Y. 333.) Assuming, however, but not deciding, that the decedent had a property interest in the assets of the firm in this State which is subject to taxation, we find it impossible to get away from the conclusion that as against such property the right exists to deduct the debts due to creditors in this State.

In the present instance, upon the conceded facts, this would leave no balance subject to taxation. A tax on personal property of a non-resident is one which the State imposes based upon its dominion over the property situated within its territory; and as such property is liable to be appropriated for the payment of debts therein, we fail to see upon what principle the latter can be entirely disregarded. Here it is conceded that the liabilities of the firm in this State exhaust its assets in this State; and although the question has never been directly presented with reference to the Transfer Tax Act, yet in analogous cases the principle has been affirmed, as in *People ex rel. Milling Co.* v. *Barker* (147 N. Y. 31) (head note), that "when a foreign corporation doing business in this State purchases property here for its business and pays cash for a portion of it and promises to pay the balance at a future day, * * * the amount still due upon the property is to be deducted from the value of the property to ascertain the 'sums invested'" for the purpose of taxation.

It is true that the firm did not owe the persons from whom it purchased the goods; but it did owe for discounts and loans effected, the proceeds of which were applied towards the purchase price of the property. That no distinction, however, can be drawn between debts due to those from whom the purchase was made as against banks from whom the money was obtained to pay for such purchase, was held in *People ex rel. Bijur* v. *Barker* (21 App. Div. 480). Therein, this court, affirming a decision of Mr. Justice BEEKMAN, adopted his language that, "it is too narrow a construction to hold that the statute refers only to the immediate debt to the vendor for the purchase money. It includes as well a debt incurred upon the borrowing of money from another with which to pay the vendor."

Our conclusion, therefore, is, that as the debts in this State exhausted the value of the property here, no tax could be imposed, and that, accordingly, the order should be reversed, with costs, and the motion to confirm the report of the appraiser should be denied.

VAN BRUNT, P. J., PATTERSON, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order reversed, with costs, and motion denied.