In re GROSVENOR'S ESTATE.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

TAXATION—TRANSFER TAX—ASSESSMENT—DEDUCTIONS.

Laws 1896, p. 868, c. 908, § 220, as amended by Laws 1897, p. 150, c. 284, imposes a tax on the transfer of personal property by will or by the intestate law, when any person or corporation becomes beneficially entitled to such property by any such transfer. By Code Civ. Proc. § 2695, on the death of a nonresident, to administer his property within the state, it is necessary to issue ancillary letters to administrators, who are vested with the title to the property, and by section 2701 such property is applicable to the payment of decedent's debts owing to residents of the state. *Held*, that the property of a nonresident located within the state is not subject to a transfer tax, where it appears that his indebtedness to resident creditors is in excess of the value of the property within the state, and the fact that the executor had brought money of the decedent from out of the state and paid debts, so that securities in the state could be transmitted to be administered at the residence of the decedent, could make no difference as to what was actually transferred upon which a tax was imposed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 1681, 1719.]

Appeal from Order of Surrogate.

Judicial proceedings in relation to the transfer tax on the estate of James B. M. Grosvenor. Appeal from an order of the surrogate reversing a prior order which affirmed the appraiser's report and fixed the amount of the tax payable by the estate. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Charles P. Robinson, for appellant.
Robert McC. Marsh, for respondent.

INGRAHAM, J. The question presented upon this appeal is whether the property of a nonresident located within this state is subject to a transfer tax when it appears that his indebtedness to creditors, who are residents of this state, is in excess of the value of the testator's property within this state. This state has no jurisdiction of the person of the deceased, and it makes no attempt to impose a tax upon him or upon his property. It has jurisdiction over personal property that is within this state, and it imposes a tax upon the transfer of such property by will or by the intestate law, and such tax is imposed when any person or corporation becomes beneficially entitled to any property by any such transfer. Tax Law, Laws 1896, c. 908, p. 868, § 220, as amended by chapter 284, p. 150, Laws 1897. Upon the death of a nonresident, to administer his property within this state, it is necessary that ancillary letters should be issued, and the executors or administrators thus named are vested with the title to the decedent's property within this state. Section 2695, Code Civ. Proc. Such property is applicable to the payment of the decedent's debts, and the surrogate is required to direct the person to whom ancillary letters have been issued to pay out of the money or the avails of the property received by him the debts of

the decedent due to creditors residing within this state. Section 2701, Code Civ. Proc. The tax being on the transfer of the property of the decedent within the state, and being imposed when a person or corporation becomes beneficially entitled to the property, it is only the property to which a beneficiary becomes entitled upon which a tax is imposed, and it would seem to follow that, when the debts of the decedent due to creditors residing within this state equal or exceed the decedent's property within this state, there is no transfer of property upon which a tax is imposed. In other words, what was taxable was the property of the testator within this state, which was in excess of the amount of the debts of the testator to creditors who were residents of this state with the payment of which this property was primarily chargeable. The principle applicable to this taxation is different from that applicable to the taxation of personal property of residents of the state, for here the tax is not against the individual or against the particular property, but is a tax upon the transfer of that property, and it is only by reason of the transfer of the specific personal property in this state from the testator to his legatees that the state undertakes to tax, and, when nothing actually passes by virtue of that transfer, no tax is imposed. The Code having made this property within the state applicable to the payment of the debts of the decedent to resident creditors, the fact that to release them the executor brought money of the decedent from out of the state and paid the debts, so that the securities in this state could be transmitted to be administered at the residence of the decedent, cannot make any difference as to what actually was transferred upon which a tax was imposed. If the securities had been sold and the proceeds used to pay the debts to resident creditors, there could be no question. The executors have procured the money, paid the debts, and released these securities from the liability for his indebtedness; in substance, purchased the securities for the estate. This result is within the Matter of King, 71 App. Div. 581, 76 N. Y. Supp. 220, affirmed on opinion below, 172 N. Y. 616, 64 N. E. 1122, and the Matter of Westurn's Estate, 152 N. Y. 93, 46 N. E. 315. There it was held that what was transferred and what was therefore taxable was the amount of the property of the testator, less his debts.

I think this order should be affirmed, with costs. All concur.