### In re BAYLIES' ESTATE.

(Surrogate's Court, New York County.   July 29, 1914.)

TAXATION (§ 895\*)—INHERITANCE TAX—ASSESSMENT—DEDUCTIONS.

In assessing the transfer tax on the estate of a nonresident leaving real estate and tangible personal property in this state, debts owing to creditors in the state should be deducted in toto from the property in the state, while debts owing to nonresident creditors, funeral expenses, and expenses of administration incurred in the foreign domicile should be deducted from the New York estate in the proportion which the net New York estate bears to the gross estate wherever situated.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.\*]

Proceeding to assess the transfer tax on the estate of Natalie Baylies. From an order of the appraiser assessing the tax, the executor appeals. Reversed, and report remitted to the appraiser for correction.

Lewis Cass Ledyard, Jr., of New York City (Milton C. Lightner, of St. Paul, Minn., of counsel), for Baylies.

Thomas E. Rush, of New York City (Moses R. Ryttenberg, of New York City, of counsel), for State Comptroller.

FOWLER, S.  This is an appeal by the executor of decedent's estate from the order assessing a tax upon the transfer of that part of the estate situated in this state. The decedent had her domicile in Massachusetts and her will was probated in that state. She left real estate and tangible personal property in this state. The transfer tax appraiser in ascertaining the value of the estate subject to a tax in this state deducted the indebtedness of decedent to New York creditors, funeral expenses incurred here, and administration expenses in this state from the gross value of the estate here, and from the remainder he deducted the debts and administration expenses in Massachusetts in the proportion which the net personal estate in New York bears to the gross personal estate wherever situated. The executor contends that the appraiser should have deducted the Massachusetts debts, and administration expenses in the proportion which the net estate in New York bears to the entire gross estate wherever situated. In the Matter of Grosvenor, 124 App. Div. 331, 108 N. Y. Supp. 926, affirmed 193 N. Y. 652, 86 N. E. 1124, it was held that debts owing by a nonresident decedent to creditors in this state should be deducted in toto from the property in this state. In the Matter of Porter, 67 Misc. Rep. 19, 124 N. Y. Supp. 676, affirmed 148 App. Div. 896, 132 N. Y. Supp. 1143, it was held that debts owing to nonresident creditors, funeral expenses, and administration expenses incurred in the foreign domicile should be deducted from the New York estate in the proportion which the net New York estate bears to the gross estate wherever situated. I am inclined to think that these decisions are controlling in the determination of the question presented by this appeal, and that the debts and administration expenses in the state of

decedent's domicile should be deducted from the net estate in this state in the proportion which the net estate in New York bears to the entire gross estate. The appraiser's report shows that the net New York estate is $1,019,029.22, while the gross estate, wherever situated, is $1,175,992. Therefore the debts and administration expenses in the state of decedent's domicile should be deducted from $1,019,029.22 in the proportion which this sum bears to $1,175,992. The report, however, does not show whether the decedent died possessed of intangible personal property in this state, and the calculation above made is based upon the assumption that her personal estate in this state consisted exclusively of tangible personal property.

The order fixing tax will be reversed, and the appraiser's report remitted to him for correction as indicated.