### In re LA FARGE'S ESTATE.

#### (Surrogate's Court, New York County. October 17, 1914.)

TAXATION (§ 895*)—TRANSFER TAX—NONRESIDENTS—PROPERTY IN NEW YORK
—FEES OF EXECUTRIX—DEDUCTION.

Where a nonresident died leaving property in New York, it was subject to a proportionate deduction for commissions of the executrix for the settlement of the estate in determining the amount, if any, which was subject to transfer taxation in New York.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

Judicial settlement of the estate of John La Farge, deceased. From an order fixing the transfer tax on a part of the estate, consisting of property located in New York, the executrix appeals. Reversed.

Cadwalader, Wickersham & Taft, of New York City (Thomas B. Gilchrist, of New York City, of counsel), for executrix.

Edward F. Boyle, of New York City, for State Comptroller.

FOWLER, S. This is an appeal by the executrix of decedent from an order fixing a tax upon that part of the estate which consists of property located in this state. The decedent had his domicile in Rhode

Island at the time of his death.  He left a will which was probated by the probate court of Newport, R. I.  It appears, from the appraiser's report and the evidence attached thereto, that the gross estate in this state amounted to $43,030.44, while the debts due residents of this state, administration expenses incurred here, and commissions to executrix allowed by the laws of this state amounted to $36,403.15.  The appraiser allowed for funeral expenses, administration expenses, and debts in the state of Rhode Island the sum of $6,017.80.  The executrix accounted in the state of Rhode Island, and the probate court allowed her the sum of $6,350 as lawful compensation for services rendered by her in connection with the administration of the estate in Rhode Island. The appraiser refused to deduct this sum from the assets in this state in the proportion which the net New York assets bore to the entire assets wherever situated.

It appears from the affidavit of an attorney of the state of Rhode Island that that state does not provide by statute for specific rates of compensation for executors, but that the court which judicially settles the accounts of executors and administrators may award to them such compensation as it deems reasonable.  This is substantially similar to the provisions of law in this state regulating the right of executors to commissions, except that the maximum amount which may be allowed by the surrogate is prescribed by statute in this state.  As the commissions of an executor or administrator are properly deducted from the assets of an estate in order to ascertain its value for the purpose of the transfer tax (Matter of Westurn, 152 N. Y. 93, 46 N. E. 315; Matter of Gihon, 169 N. Y. 443, 62 N. E. 561), the amount allowed to the executrix by the probate court of Rhode Island as compensation for her services as such executrix should be deducted from the New York assets of the estate in the proportion which the net New York assets bear to the entire assets wherever situated (Matter of Porter, 67 Misc. Rep. 19, 124 N. Y. Supp. 676, affirmed 148 App. Div. 896, 132 N. Y. Supp. 1143).  After making the necessary deduction for the compensation allowed to the executrix by the probate court of Rhode Island there is no property of the decedent in this state the transfer of which under the will of the decedent is subject to a transfer tax.

The order fixing tax will be reversed, and the estate of the decedent in this state declared exempt from the payment of a transfer tax.  Settle order on notice.