## Matter of the Estate of Eleanor C. Wittmann, Deceased.

(Surrogate's Court, New York County, May, 1920.)

Transfer tax — federal inheritance tax not deductible — non-residents — wills — trusts — decedents' estates.

> Where in a transfer tax proceeding a deduction of the amount of certain notes made by the husband of decedent and indorsed by her for discount, is claimed to be erroneous, and it appears that he was merely the accommodation maker, the matter will be remitted to the appraiser for evidence that decedent received the proceeds of the note and that her estate is liable thereon.

> Where the property left in this state by decedent, who was a non-resident, consists of real estate, tangible personal property and non-taxable intangible property, the amount of her debts to New York creditors is a proper deduction from the real estate.

> In fixing the value of an estate for the purpose of a transfer tax no part of the federal inheritance tax is deductible as an expense of administration, even though a part thereof was allowed, as such an expense, in the state where decedent resided.

> As the executors who by the will were given a power of sale must necessarily dispose of some of the real estate to pay debts and expenses of administration the amount of their commissions is properly deductible, but no trust being created by the will which gave a life estate with remainders over, trustees' commissions are not deductible.

Appeal from an order assessing the transfer tax.

H. A. & C. E. Heydt (Edmund O. Austin, of counsel), for executor.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

Foley, S.  This is an appeal by the state comptroller from the transfer tax appraiser's report and the order

assessing the transfer tax. The first ground of appeal is that the order and report erroneously allowed a deduction of $107,500, the amount of notes made by the husband of decedent and indorsed by her for discount. It appears that the husband was merely the accommodation party. *Higgins* v. *Ridgway*, 153 N. Y. 132. This issue is remitted to the appraiser in order that the evidence on this point may be strengthened and proof submitted showing that the estate is liable for these obligations and that decedent received the proceeds of the notes. The second ground of appeal is that the personal property of decedent was the primary fund for the payment of debts wherever the personal property is situated and that the report and order erroneously allow the deduction of debts from the real estate. The decedent was a non-resident. She died a resident of New Jersey. The property left by the decedent in this state consists of real estate of the value of $2,035,686.25, tangible personal property of the value of $3,236.45 and non-taxable intangible personalty in the sum of $91,503.40. The appraiser has deducted the amount of the debts owed by the decedent to New York creditors from the estate left by her within this state. This is correct. *Matter of Porter*, 67 Misc. Rep. 19; affd., 148 App. Div. 896. The second ground of appeal is overruled.

The third ground of appeal is that the appraiser erroneously allowed as a deduction a proportionate part of the federal inheritance tax. It is well settled that the federal inheritance tax is not to be deducted in fixing the value of the transfer in the estate of *residents*. *Matter of Sherman*, 179 App. Div. 497; affd., 222 N. Y. 540; *Matter of Bierstadt*, 178 App. Div. 836. I am of the opinion that the federal inheritance tax is likewise not deductible as an administration expense on the estate of a *non-resident*. The

appraiser justifies this deduction as an expense of administration allowed as such in New Jersey, and has deducted approximately 85 per cent thereof under the rule set forth in *Matter of Porter, supra.* The appeal as to this point will be sustained. The allowance of this tax as an administration expense in New Jersey does not alter the situation here. In *Matter of Watson,* 226 N. Y. 384, the Court of Appeals cited *United States* v. *Perkins,* 163 U. S. 625, 627, where it was said: "the right to dispose of his property by will has always been considered purely a creature of statute and within legislative control. * * * In this view the so-called inheritance tax law of the State of New York is in reality a limitation upon the power of a testator to bequeath his property to whom he pleases; * * * Thus the tax is not upon the property, in the ordinary sense of the term, but upon the right to dispose of it." The property involved in this proceeding is property wholly within our state. It passes subject to the Transfer Tax Law to legatees of the testatrix, who was a non-resident. The interpretation of a federal statute adopted by the courts of this state must be followed in preference to an opposite interpretation given the same statute by a sister state. Consequently the deduction of a portion of the federal tax contrary to the rule in New York is erroneous. The Court of Appeals has similarly held that the transfer tax assessed in other states, and particularly in New Jersey, is not a proper deduction in New York. *Matter of Penfold,* 216 N. Y. 163, citing 81 Misc. Rep. 598. The fifth ground of appeal was that in arriving at a proportionate amount of the debts, personal property, whether taxable or not taxable, wherever situated, should have been considered. The sole New Jersey deduction allowed to which exception is taken is the amount of the federal tax — $208,-

206.59 — and it has been disallowed by me in the third ground of appeal. This disposition obviates the necessity of the surrogate passing on this ground of appeal.

The remaining ground of appeal is that the trustees' and executors' commissions were erroneously computed. As to the executors' commissions the appeal is denied, as the executors must necessarily dispose of some of the real estate to pay administration expenses and the debts of the estate. They are given a power of sale and presumably must exercise the same to the extent of paying the claims against the estate. Commissions have been allowed and deducted to this extent only. As to the trustees' commissions the appeal is sustained. There is no trust created under the will. The will simply gives a legal life estate with remainders over.

Decreed accordingly.