In the Matter of the Appraisal under the Transfer Tax Law of the Estate of HARRY C. HALLENBECK, Deceased.

JOHN J. HALLENBECK, as Executor, etc., of HARRY C. HALLENBECK, Deceased, Appellant; EUGENE M. TRAVIS, as State Comptroller, Respondent.

First Department, February 4, 1921.

Taxation — transfer tax — stock of domestic corporation owned by decedent pledged as collateral to another domestic corporation for loan larger than value of pledge not part of assessable assets — payment by executor of part of loan does not make excess of collateral assessable — ancillary letters.

Stock of a domestic corporation which was held by another domestic corporation at the time of the death of a non-resident in April, 1918, as collateral for a loan larger than the value of the stock, is not subject to a transfer tax under section 220, subdivision 2, of the Tax Law.

Since the tax is on the transfer of the property of the decedent as it existed at his death, the fact that the executor paid a part of the loan does not make the said stock taxable.

The fact that the decedent died resident of New Jersey and ancillary letters testamentary were taken out in this State does not alter the above rules.

APPEAL by John J. Hallenbeck, as executor, from an order of the Surrogate's Court of the county of New York, entered in the office of the clerk of said Surrogate's Court on the 30th day of June, 1920, affirming an order made by said surrogate and dated February 16, 1920, assessing the transfer tax.

*Samuel Crook* of counsel [*Crook & Carney*, attorneys], for the appellant.

*William W. Wingate*, for the respondent.

PAGE, J.:

Harry C. Hallenbeck was at the time of his death a resident of Monmouth county, in the State of New Jersey. His last will and testament was admitted to probate in that county, and ancillary letters testamentary were issued to the appellant. At the time of his death he was seized of certain real estate and possessed of certain personal property situated in the State of New York. Proceedings were instituted to

fix and assess the tax upon the transfer of these properties. There were 2,500 shares of the stock of the Hallenbeck-Hungerford Realty Corporation (a domestic corporation) which had been pledged with the U. T. Hungerford Brass and Copper Company (a domestic corporation) as collateral security for a loan of $150,000. The appraiser found that the value of this stock was $142,750.

The decedent owned in the State of New York an estate valued in gross at $616,496.29; the debts, counsel fees, expenses of administration, commissions and funeral expenses amounted to $365,910.97 which was prorated by the appraiser at .3302, thus leaving a net estate subject to tax of $476,924.86. It thus appears that in determining the taxable estate the appraiser added the value of the pledged stock of the Hallenbeck-Hungerford Realty Corporation to the assets of the estate, and added the amount of the indebtedness for which it had been pledged and then prorated the increased liabilities.

The only question arising on this appeal is the appellant's claim that the value of the pledged stock should have been eliminated from the assets and the debt for which it was pledged from the liabilities. Or, at most, as the executor had paid after the decedent's death, and before the institution of the transfer tax proceeding $50,000 upon the indebtedness, only the excess of the value of the stock over the amount of the debt should have been taxed.

The tax sought to be assessed in this proceeding was authorized by section 220, subdivision 2, of the Tax Law (as amd. by Laws of 1916, chap. 323),* as it was at the time of the decedent's death in April, 1918, whereby the transfer by will or intestate law of shares of stock of a domestic corporation owned by a non-resident was taxable. When, however, the stock is pledged as security for a loan, the title thereto is in the pledgee, and the pledgor only has the right of redemption, and where, as in this case, the value of the stock is less than the amount of the loan, the right of redemption, even if its situs was within this State, would have no value. The title to the tangible property not being in the decedent, and the intangible having no value, there was

---

* Since amd. by Laws of 1919, chap. 626.— [REP.

nothing taxable. (*Matter of Pullman,* 46 App. Div. 574; *Matter of Ames,* 141 N. Y. Supp. 793, 795, 796; *Matter of Havemeyer,* 32 Misc. Rep. 416, 417.) The tax is upon the transfer and not upon the property. (*Matter of Penfold,* 216 N. Y. 163, 167.) It is upon the transfer of the property as it existed at the decedent's death. The fact that the executor paid $50,000 on account of this indebtedness does not in anyway make the stock taxable. (*Matter of Grosvenor,* 124 App. Div. 331, 332.)

The learned counsel for the Comptroller distinguishes the *Pullman* case from the instant case in that there was no ancillary administration in the *Pullman* case, whereas ancillary letters testamentary were taken out in this case.

In the dissenting opinion of Presiding Justice VAN BRUNT in *Matter of Pullman* (*supra*) he states that the case should be determined as though ancillary testamentary letters had been taken out. In my opinion it makes no difference whether the estate is to be administered solely in New Jersey, or ancillary to such administration, our courts shall grant letters. The question does not depend upon what may be done in the course of administration of the estate; whether the executor applies the pledged security or other assets of the estate to the payment of the debt in the exercise of the right of redemption. The question to be determined is the status of the property at the time of the death of the testator. If the testator did not have title then, there was nothing to pass and no liability to taxation would attach to after-acquired property.

The order should be modified and the value of the pledged stock eliminated from the assets of the estate and the amount of debt for which it was pledged should be deducted from the liabilities and the tax assessed correspondingly reduced, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Order modified as directed in opinion and as so modified affirmed, with ten dollars costs and disbursements to the appellant. Settle order on notice.