In the Matter of the Estate of ELLEN S. PHELPS, Deceased.

Surrogate's Court, New York County, April, 1922.

Transfer tax — non-resident decedent — rights to subscribe to national bank stock not taxable — deduction for funeral expenses — Tax Law, § 220(2).

Under section 220(2) of the Tax Law, which expressly excludes from its operation any interest in a banking corporation other than shares of stock therein, transfers of subscription rights of stockholders to the increase of the capital stock are not taxable.

The funeral expenses of a non-resident incurred here should be deducted in full from the New York estate, consisting entirely of personalty, prorated between the taxable property and the entire assets within this state.

At the date of the death of a non-resident shares of stock in a national bank, owned by her, and the stockholders' rights to subscribe to an increase in the capital stock, were dealt in as separate commodities, and the approval of the comptroller of the currency of the United States, which was required to validate such increase, was not given until more than a month after the death of decedent. *Held*, that an order fixing a transfer tax which included the subscription rights of decedent will be modified by eliminating the tax thereon.

APPEALS from order fixing transfer tax.

*Wayland & Bernard (Joseph F. McCloy* and *Thomas A. S. Beattie,* of counsel), for executor.

*Lafayette B. Gleason (Schuyler C. Carlton,* of counsel), for the state tax commission.

COHALAN, S. These are cross-appeals by the executor and state tax commission from the order fixing the transfer tax.

The commission appeals on the ground that shares of stock of the Broadway and Seventh Avenue Company and Sixth Avenue Company have been undervalued by the appraiser.

The appeal of the executor is based on the failure of the appraiser to allow in full the funeral expenses from the property of decedent located within this state, and his inclusion among the taxable assets of subscription rights on shares of stock in the National City Bank.

The appraisal of the stock in the two railroad companies is amply supported by the proof before the appraiser, and the appeal of the state tax commission is denied.

The appraiser has prorated and allowed the item of funeral

expenses in the ratio applied by him to the debts due non-residents. These expenses having been incurred here should be deducted in full from the New York assets. *Matter of Baylies*, 148 N. Y. Supp. 912; *Matter of Rambouville*, N. Y. L. J., July 27, 1916.

The decedent at the time of her death, August 31, 1920, was the owner of 1,014 shares of stock of the National City Bank of New York. In the year 1920 this corporation increased its capital stock from $25,000,000 to $40,000,000. The rights accruing to stockholders to subscribe to the increase were first traded in July 14, 1920. From that time until August 26, 1920, when the warrants to subscribe were issued to stockholders, the rights passed as incident to the transfer of the stock. After the issuance of the warrants and at the date of decedent's death the stock and rights were dealt in as separate commodities. The appraiser has valued the stock at $265 per share and has also included among the taxable assets of the estate the subscription rights on the shares at $88 each.

Section 220, subdivision 2, of the Tax Law provided for the taxation in the estate of a non-resident decedent of the transfer of shares of stock " of national banking associations located in this state, * * * or bonds, notes, mortgages or other evidences of interest in any corporation * * * except * * * the bonds, notes, mortgages or other evidences of interest in * * * a moneyed corporation * * *."

The statute does not specifically authorize the taxation of transfers of subscription rights. In fact it expressly excludes from its operation any interest in a banking corporation other than shares of stock.

At the time of decedent's death the sale of the stock did not carry with it the transfer of the rights. If the latter were sold the purchaser would not by the transfer of title become a stockholder in the corporation.

The approval of the comptroller of the currency of the United States which was required to validate the increase in the capital stock was not given until October 2, 1920, more than a month after the death of the decedent. The character of the property was not affected by this circumstance but only the market value, which was necessarily based on the fact that the issue had not at that time received the approval of the comptroller.

The rights and the shares were distinct classes of property. No provision for their taxation can be found in the statute and they cannot be included by inference or implication. *Matter of Starbuck*, 137 App. Div. 866; affd., 201 N. Y. 531.

The order fixing tax should be modified by eliminating the

tax on the subscription rights and by deducting the funeral expenses in full from the New York estate (which consists entirely of personalty), prorated between the taxable property and the entire assets within the state.

Decreed accordingly.