In the Matter of the Estate of GEORGE R. FEARING, Deceased.

**Transfer tax — non-resident decedent — estate partly taxable in New York — prorating debts — no discrimation as between taxable realty and taxable personalty.**

The Tax Law does not fix different rates upon nor discriminate between taxable realty and taxable personal property and the total value of a transfer must be the same regardless of the nature of the property transferred.

The policy of our courts has been to seek a method of computation which fairly taxes the value of the transfer of the taxable property in New York and the exclusion of the taxable real estate in fixing the ratio unfairly diminishes the proportionate amount of deductions and ignores the real net value of the transfer upon which the tax is ultimately assessed.

Where the New York personalty left by a non-resident decedent exceeds the amount of his debts to resident creditors, the residue of his estate which passes under his will as a whole, and consists of mingled realty and personalty, is subject to a transfer tax upon its pecuniary value.

In prorating debts under section 220(3) of the Tax Law each item of the estate, taxable personalty, non-taxable personalty and taxable realty, excluding specific legacies, must be deemed to bear its share of the debts.

The deductions for debts due New York creditors should be prorated in the ratio that the value of all the taxable property in this state bears to the value of the gross estate, taxable and non-taxable, including realty in this state, but excluding property within the state specifically bequeathed.

An appeal from an order fixing a transfer tax sustained on the ground that by the method adopted by the appraiser in computing the ratio by excluding the real estate, the tax had been greatly increased.

Surrogate's Court, New York County, May, 1922.    [Vol. 118

Appeal from an order fixing a transfer tax herein.

*Carter, Ledyard & Milburn (Heber Smith, of counsel), for executors.*

*Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state tax commission.*

Foley, S. Because of the special circumstances of this non-resident estate, the appeal of the executors should be sustained in the following particulars:

The deductions for debts due New York creditors should be prorated in the ratio that the value of all the *taxable* property in this state bears to the value of the gross estate, taxable and non-taxable, including realty, in this state (but excluding property within the state specifically bequeathed). *Matter of Baylies*, 148 N. Y. Supp. 912; *Matter of Grosvenor*, 124 App. Div. 331; *Matter of Grosvenor*, 126 id. 953; affd., 193 N. Y. 652; *Matter of Wittmann*, 112 Misc. Rep. 168. The rule which regards personalty as the primary fund for the payment of debts has no application to the present estate. The New York personalty left by the testator exceeds the amount of his debts to resident creditors. The residue in this estate consists of mingled realty and personalty, but under the terms of the will it passes as a whole and is to be taxed upon its pecuniary value. The policy of our courts has been to seek a method of computation which fairly taxes the value of the transfer of the taxable property in New York. The exclusion of the taxable real estate in fixing the ratio unfairly diminishes the proportionate amount of deductions and ignores the real net value of the transfer, upon which the tax is ultimately assessed. The clear inference from the opinion in *Matter of Westurn*, 152 N. Y. 93, 100, is that debts and other proper charges are to be subtracted from the value of the entire property transferred, and not from the value of the personalty only. In prorating the debts, under section 220, subdivision 3, of the Tax Law, therefore, each item of the estate, taxable personalty, non-taxable personalty and taxable realty (excluding specific legacies), must be deemed to bear its share of the debts.

The absurd result of applying the method used in the order appealed from is demonstrated by assuming that the decedent had left taxable personalty of the value of $279,795.40 in place of the taxable realty of that value, actually included in this estate. The taxable property transferred is the same, but in the hypothetical case a deduction of approximately $217,000 would have been allowed instead of the sum of $109,235.32 actually allowed by the appraiser in his method of computing the ratio by excluding the real estate. By the latter method, therefore, the tax has been greatly increased. The Tax Law does not fix different rates upon,

nor discriminate between taxable realty and taxable personalty, and the total value of the transfer must be the same regardless of the nature of the property transferred. The appeal on this ground is sustained. Submit order on notice accordingly.

Ordered accordingly.