In the Matter of the Transfer Tax on the Estate of JOSEPHINE BROOKS, Deceased.

Surrogate's Court, New York County, December, 1922.

Transfer tax — non-resident — " goods, wares and merchandise " (Tax Law, § 220[2]) covers jewelry and personal chattels — when executors' commissions on property specifically bequeathed allowed — deductions — prorating debts — trustees' commissions allowed.

Decedent died August 17, 1920, a resident of the state of Massachusetts, leaving personal property within the state of New York consisting of jewelry, silverware and other chattels bequeathed in equal shares to the children who might survive her. She left three children. Her executors appeal from an order fixing the

transfer tax, claiming that jewelry, silverware, clothing, furniture and household fixtures were improperly included, that executors' commissions were not allowed on their value and that no deduction was made for real estate taxes, funeral expenses, administration expenses and trustees' commissions. *Held,* that the phrase "goods, wares and merchandise" in the statute (Tax Law, § 220[2]) must be construed in its broader sense as applying to tangible personal property and not in its narrow import as the stock in trade of a merchant, and that the jewelry and other chattels were properly taxable; that the amount of the executors' commissions should have been allowed on the value of the articles taxed; that a deduction for taxes which accrued prior to the death of decedent on her real estate within the state of New York should be allowed; that all debts due New York creditors, together with funeral and administration expenses, incurred in this state, and executors' commissions upon the chattels specifically bequeathed, should be deducted in full from the New York assets prorated between the taxable property (including New York real estate and excluding property specifically bequeathed) and all the New York property, taxable and non-taxable, except property specifically bequeathed, and debts due non-residents should be prorated and the same ratio as in prorating debts should be applied to deductions for executors' commissions allowed by a court of a sister state on property outside of New York state and trustees' commissions allowed in this state.

APPEAL from order fixing a transfer tax.

*Duer, Strong & Whitehead* (*Joseph F. McCloy* and *Thomas A. S. Beattie,* of counsel), for executors.

*Lafayette B. Gleason* (*Schuyler C. Carlton,* of counsel), for State Tax Commission.

FOLEY, S.   The executors appeal from the order fixing the transfer tax on the estate of the decedent, a non-resident, on three principal grounds, *first,* that jewelry, silverware, clothing, furniture and household fixtures, physically located within the state, were improperly included in the appraisal; *second,* that commissions of the executors were not allowed on the value of these chattels; *third,* that no deduction was made for real estate taxes, funeral and administration expenses or trustees' commissions.

Decedent died August 17, 1920, a resident of the state of Massachusetts.   The only taxable personalty owned by her within the state of New York was jewelry, silverware and other chattels valued at more than $300,000.   The executors claim that articles of this character are not included in the description "goods, wares, and merchandise," as provided by subdivision 2 of section 220 of the Tax Law, and further that these words apply solely to the stock in trade of a merchant.   These words, added by the amendment of 1919, were intended to apply to the same kind of property described as tangible personalty under the former statute.   *Matter of Shoemaker,* N. Y. L. J. June 22, 1921, and see definition of "Tangible Property" former § 243, Tax Law.   At the time of the

amendment of 1919, section 220 already included a provision taxing " capital invested in business in the state of a non-resident of the state doing business in the state either as principal or partner." Under the contention of the executors the phrase " goods, wares, and merchandise " is included within the term capital invested in business in this state, and the legislature would be charged with a meaningless repetition of language. Each provision of the statute must be given effect. Clearly the phrase " goods, wares and merchandise " must be construed in its broader sense as applying to tangible personal property, and not in its narrow import as the stock in trade of a merchant. See definition of " goods, wares and merchandise," 20 Cyc. 1272.

The facts in evidence do not support the contention of the appellants that the property was temporarily within this state. For these reasons the appeal on the ground that the transfer of the jewelry and other chattels owned by decedent is not taxable is denied.

The second principal ground of appeal, as numbered by me, is sustained and commissions on the jewelry and the other personalty bequeathed by the 4th paragraph of the will should have been deducted. That paragraph reads as follows: " I give and bequeath, in equal shares unto such of my children as shall survive me, all the rest of my wearing apparel, plate, diamonds, jewels, furs and laces, plate, books, paintings, bric-a-brac, objects of art, china, glass, linen, household furniture, household stores, wines, and all articles of personal and household use or ornament, horses, wagons, cattle, carriages, harness, and farm and stable implements and utensils, which I shall own or be in any way entitled to at the time of my death, and also such of my set of point lace, tea set, silver tray and small pieces belonging to said set, as shall not pass under the foregoing specific bequests thereof."

Under this clause, the articles described passed to the three children of the decedent. The bequest was of specific property. *Matter of Matthews*, 122 App. Div. 605; *Matter of Grinnell*, 115 Misc. Rep. 722. Ordinarily commissions are not allowed upon specific bequests, but the rule is different in cases of which this is typical. Thus in *Matter of Fisher*, 93 App. Div. 186, 189, the court said: " The bequest is specific as to the property bequeathed but it was not specific as to the particular property to be delivered to a particular legatee * * *." The division of the property, and its probable sale to effect an equal partition, required the performance of duties by the executors, and they should be allowed commissions on the value of the items so bequeathed. *Matter of Fisher, supra*. The appeal on this ground is sustained.

MATTER OF MARGARET D. BREWER.        **741**

Misc. 741]    Surrogate's Court, New York County, December, 1922.

The third ground of appeal, as numbered by me, is sustained. The appraiser failed to make a proper allowance and proration of debts, funeral and administration expenses.   The report is in error in not allowing a deduction for taxes which accrued prior to death on the real estate owned by the decedent within the state.   All debts due New York creditors, together with funeral and administration expenses incurred in this state, and executors' commissions upon the chattels bequeathed by the 4th paragraph of decedent's will, should be deducted in full from the New York assets prorated between the taxable property (including New York real estate and excluding property specifically bequeathed) and all the New York property, taxable and non-taxable, except property specifically bequeathed.   *Matter of King*, 71 App. Div. 581; affd., 172 N. Y. 616; *Matter of Grosvenor*, 124 App. Div. 331; 126 id. 953; affd., 193 N. Y. 652; *Matter of Fearing*, 118 Misc. Rep. 595.

The debts due non-resident creditors should be prorated " in the proportion which the net New York estate (after all deductions are made for debts owing to resident creditors, New York commissions and New York administration expenses) bears to the entire or gross estate, wherever situated." *Matter of Porter*, 67 Misc. Rep. 19; affd., 148 App. Div. 896.   The same ratio should be applied to deductions for executors' commissions, allowed by the Rhode Island court, on property outside of this state.   *Matter of Henry*, 203 App. Div. 456.   The duties of the executors and trustees are separate and distinct and trustees' commissions should have been allowed on the property in this state subject to the trust. The appeal on this ground is sustained.

The appeal of the executors is allowed to the extent indicated above, and in all other respects denied.   The report will be returned to the transfer tax appraiser for revision and correction in accordance with this decision, or, if the parties agree as to the amounts of allowance and deductions, an order may be entered amending the order fixing tax.   Such order may contain a provision for the minimum tax.

Ordered accordingly.