In the Matter of the Transfer Tax upon the Estate of CHARLES FREDERICK HOFFMAN, Deceased.

STATE TAX COMMISSION, Appellant; ZELIA K. HOFFMAN and Others, as Executors, etc., of CHARLES FREDERICK HOFFMAN, Deceased, Respondents.

First Department, March 2, 1923.

Taxation — transfer tax — fair market value of corporate stock must be fixed as of date of decedent's death — evidence of value more than one year before death and more than one year after death is insufficient on which to base finding of value — in absence of market value stock must be valued on basis of corporate assets, etc.

In determining the transfer tax on corporate stock owned by the decedent the fair market value of the stock at the time of his death is the value upon which the tax is to be paid, unaffected by any subsequent increase or decrease in value.

32

Evidence as to the value of the corporate stock more than a year prior to the death of the decedent and as to its value more than a year after his death is not sufficient proof of the value of the stock at the time of his death.

In the absence of proof of the market value at the time of the decedent's death, the stock should be valued on the basis of the corporate assets, including good will, earnings and other elements tending to fix its value.

APPEAL by the State Tax Commission from so much of an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 2d day of August, 1921, as sustains an appeal by the executors to the surrogate from a prior order fixing and assessing the tax upon the transfers of the property of the deceased.

*Lafayette B. Gleason* [*Schuyler C. Carlton* of counsel], for the appellant.

*Carter, Ledyard & Milburn* [*Heber Smith* of counsel], for the respondents.

FINCH, J.:

The question presented was as to the value on the day of the decedent's death of certain shares of stock in an industrial corporation (importing tea and coffee), whose shares of stock were very closely held so that they were not customarily bought or sold in the open market. The appraiser fixed the value at one hundred and nineteen dollars a share, but as a different value was fixed by the surrogate, it is sufficient here to say that the appraiser acted upon insufficient evidence. The surrogate overruled the appraiser and fixed the value of the stock at forty-five dollars per share. In so doing the learned surrogate acted upon an affidavit of one of the executors, who gave the value as forty-five dollars per share without showing how such value was arrived at; also upon an accompanying affidavit of a vice-president of a trust company (which was one of the executors), annexing two letters, one of which stated that he was the secretary of the corporation in question, and that approximately eleven months after the decedent's death he had purchased some shares at forty dollars a share, and a second letter from some stockbrokers who had been ordered to sell the stock, advising that the best bid they had been able to obtain was forty-one dollars per share, which information was apparently obtained approximately fourteen months after the death of the decedent. This information, upon which the surrogate fixed the value, was likewise insufficient.

The fair market value of the stock at the time of the death of the decedent is the value upon which the tax is to be paid (Tax Law, § 222;* Id. § 230, as amd. by Laws of 1916, chap. 550;* *Matter of*

---

* Since amd. by Laws of 1921, chap. 476.— [REP.

*Chappell,* 151 App. Div. 774), unaffected by any subsequent increase or decrease in value. (*Matter of Penfold,* 216 N. Y. 163.) As the decedent died on August 28, 1919, a sale price shown to exist about a year subsequent to the death of the decedent is not sufficient proof of the value of the stock at the time of his death. In the absence of proof of the market value at the time of the decedent's death, the stock should have been valued on the basis of the corporate assets, including good will, earnings, etc. (*Matter of Ball,* 161 App. Div. 79.) A question of fact was presented which should have been determined upon proper evidence.

It follows that the order of the surrogate, in so far as it fixes the value of the stock of the Eppens-Smith Company, should be reversed, with costs, and the matter sent back to the appraiser for proper proof of the value of the stock at the date of the decedent's death.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order so far as appealed from reversed, with costs, and the proceeding remitted to the surrogate for further action in accordance with opinion.