In the Matter of the Estate of SAMUEL POMEROY, COLT, Deceased.

Surrogate's Court, New York County, June 23, 1925.

Taxation — transfer tax — decedent died resident of Rhode Island after
 borrowing funds from New York banks with stock of foreign corporations
 as pledge for security — Tax Law, § 230 (as amd. by Laws of 1921, chap.
 476), does not bar deduction on appraisal for rents due resident creditor —
 loan to firm, of which decedent was not member, not taxable as transfer
 pursuant to Tax Law, § 220, subd. 4 (as amd. by Laws of 1922, chap. 430)
 — appraisal of value of stock of corporation, predicated upon isolated
 sale five months after date of decedent's death, does not establish market
 value — stock not on market should be appraised at its book value —
 tax imposed on reversionary interest of testator in shares of certain
 stock transferred by trustees should be suspended — tax predicated on
 happening of contingencies at date of appraisal proper — tax imposed
 on transfer of chattels owned by decedent and physically located in
 State proper.

In a proceeding to fix the transfer tax upon the estate of a decedent who died resident
 of Rhode Island, the appraiser should have deducted from the value of the
 assets within this State the indebtedness due resident creditors arising out of
 a loan secured by a pledge to them of certain securities of foreign corporations
 owned by the decedent, since the provisions of section 230 of the Tax Law
 (as amd. by Laws of 1921, chap. 476) disallowing deductions from appraised
 value of property transferred on account of any liability of decedent incurred
 by the acquisition of property without the State has no application. Nor is
 a loan of decedent to a copartnership doing business in this State, of which he
 was not a member, taxable as a transfer under the provisions of subdivision 4
 of section 220 of the Tax Law (as amd. by Laws of 1922, chap. 430), since decedent
 was not doing business in this State either as a member or partner.

The appraisal of the value of stock of a corporation based on a sale of the same
 stock in another State made more than five months after the date of decedent's
 death does not establish proper market value of said stock. The stock should
 be appraised at its book value in view of the fact that it is closely held and that
 the sale of shares is infrequent.

Taxation of a reversionary interest of decedent in shares of stock in a New York
 corporation transferred by a deed of trust should be suspended, since the interest
 of the decedent was a mere possibility of reverter.

It was proper to assume the vesting of the remainder by the termination of prior
 estates for the purpose of ascertaining the tax which would be due if the con-
 tingencies had happened at the date of the appraisal.

A tax imposed upon the transfer of chattels owned by the decedent and physically
 located within the State is proper.

APPEAL by executor from order fixing transfer tax.

*Cadwalader, Wickersham & Taft,* for the executor.

*Charles A. Curtin,* for the State Tax Commission.

FOLEY, S.:

This is an appeal by the executor from the order fixing the trans-
fer tax on the following grounds: (1) That the appraiser failed to

deduct from the value of the assets within this State the indebtedness due New York creditors arising out of a pledge to them of certain securities owned by the decedent; (2) that a tax has been imposed on the sum of $340,000 as capital invested by decedent within this State; (3) that shares of the common stock of the New York Times Company have been appraised in excess of their actual· value; (4) that a tax has been imposed on a reversionary interest of decedent in shares of stock in a New York corporation transferred by a deed of trust; (5) that the provision in the order setting forth the tax which would be due if the contingencies had happened at the date of the appraisal fails to take account of the surviving life estates of certain beneficiaries; (6) that a tax has been imposed upon the transfer of chattels owned by decedent and physically located in the State of New York.

The decedent died August 13, 1921, a resident of the State of Rhode Island.    He had borrowed money from two New York banks and had pledged as security stock of foreign corporations.    These debts due to resident creditors should be deducted in full from the New York assets prorated between the taxable and non-taxable New York assets.    (*Matter of Fearing*, 118 Misc. 595; affd., 206 App. Div. 657; affd., 237 N. Y. 528; *Matter of Hallenbeck*, 231 id. 409; *Matter of Grosvenor*, 124 App. Div. 331; 126 id. 953; affd., 193 N. Y. 652; *Matter of King*, 71 App. Div. 581; affd., 172 N. Y. 616; *Matter of Brooks*, 119 Misc. 738; affd., 212 App. Div. 868.) The force of these decisions has not been affected by the following addition to section 230 of the Tax Law by its amendment by chapter 476 of the Laws of 1921: " No deduction shall be allowed from the appraised value of the property transferred on account of any liability of decedent incurred or assumed by the acquisition, care, improvement, use, enjoyment or disposition of property without the State, the transfer of which is not subject to tax under the provisions of this article."    The obvious intention of the amendment was to disallow deduction of mortgages on real estate situated outside the State and deduction of sums of money expended in connection with the maintenance or improvement of such real property.    It has no application to the instant case.    The appeal on this ground is sustained.

The decedent loaned to a copartnership doing business in the State of New York and of which his son was a member sums aggregating $340,000.    The decedent was not a member of the firm and the agreement evidencing the advancements specifically stated that the decedent was not to receive any share of the profits but was limited to six per cent interest on the moneys loaned. The decedent was not " doing business in this State either as

member or partner." His contribution to the firm was not taxable, therefore, as a transfer by the provision of section 220, subdivision 4, of the Tax Law (as amd. by Laws of 1922, chap. 430), in effect at the date of his death. The appeal on this ground is sustained.

The report of the transfer tax appraiser does not disclose the basis of the appraisal at $730.86 per share of the common stock of the New York Times Company. It is asserted in the brief of counsel that this value was based on the appraisal of the same stock in another estate. The executor contends that the stock should be appraised at $205, which is the price at which twenty shares were sold on January 26, 1922. This isolated sale made more than five months after the date of decedent's death does not establish the market value. (*Matter of Hoffman,* 204 App. Div. 497.) The stock should be appraised at its book value since it is closely held and sales of shares are infrequent. (*Matter of Dupignac,* 123 Misc. 21; affd., 211 App. Div. 862; 212 id. 831; *Matter of Jackson,* N. Y. L. J. Nov. 6, 1924; *Matter of Davidson,* Id. Nov. 18, 1924.) If it is conceded by the appellant that the value fixed by the appraiser is the book value of the stock, the appeal on this ground is denied. If this concession is not made, the report of the appraiser will be returned to him to take proof as to the value of these shares.

The fourth ground of appeal is sustained. The interest of the decedent under the deed of trust was a mere possibility of reverter. It is only in the event that the widow of decedent survives both sons that the corpus of the trust will pass by decedent's will. The taxation of this interest should have been suspended in the report of the appraiser.

The fifth ground of appeal is denied. For the purpose of ascertaining the tax which would be due if the contingencies had happened at the date of the appraisal, the vesting of the remainder by the termination of the prior estates must be assumed. (*Matter of Cummings,* 115 Misc. 276.)

The sixth ground of appeal is denied. (*Matter of Brooks, supra.*) The report of the appraiser will be remitted to him in accordance with this decision if counsel are unable to agree on the form of order modifying order assessing tax.