In the Matter of the Transfer Tax upon the Estate of Julius
Steinwender, Deceased.

Title Guarantee and Trust Company and Christian
Arndt as Executors and Trustees under the Last Will and
Testament of Julius Steinwender, Deceased, Appellants;
Eugene M. Travis, Comptroller of the State of New York,
Respondent.

(*Supreme Court, App. Div., First Department, May 5, 1916.*)

Tax—Transfer tax—Practice—Appeal from decision of surrogate—
Statute construed.

A surrogate in determining the value of an estate for the purpose of
assessing the transfer tax acts as an assessor upon advice given by the
appraiser.

From the determination of the surrogate, which is made without notice
of hearing, the statute allows an appeal to the same surrogate, which
involves a judicial determination of the amount of tax payable.    The
only other appeal authorized is to the Appellate Division from the order
of the surrogate.

Where one of the surrogates of the county of New York acting as an
assessing officer has made a determination and an appeal therefrom to
the surrogate is heard by another surrogate of said county, who modified
the prior determination by adding the taxable property, there cannot be
another appeal to the surrogate and relief must be had by appeal to
the Appellate Division.

Appeal by Title Guarantee and Trust Company and another,
as executors and trustees, from an order of the Surrogate's
Court of the county of New York, entered in the office of said
Surrogate's Court on the 18th day of November, 1915, dismiss-
ing an appeal by said executors from an order of Hon. John P.
Cohalan, one of the surrogates of the county of New York,
which modified an order of Hon. Robert L. Fowler, another
of the surrogates of the county of New York, which last order
was entered in the office of said Surrogate's Court on the 14th
day of May, 1914, and made certain assessments for an inher-
itance tax.

Harold Swain, for the appellants.

Schuyler C. Carlton, for the respondent.

SMITH, J.—Under section 230 of the Tax Law (Consol. Laws, chap. 60 [Laws of 1909, chap. 62], as amd. by Laws of 1911, chap. 800), an appraiser, appointed pursuant to law, is, by order of the surrogate directed to appraise the taxes payable to the State upon the death of a resident of the State. By section 231 it is provided that upon the presentation of the report of the appraiser the surrogate shall forthwith as of course determine the cash value of all estates and the amount of tax to which the same are liable. This seems to be the act of the surrogate acting as an assessor upon advice given to him by the appraiser. The entry is made as of course without notice or hearing. By section 232 it is provided that from this determination any party may appeal to the same surrograte who has made the prior order. That appeal is heard upon notice, and is a judicial determination of the amount of tax payable under the law.

In the case at bar the appraiser made his report, which report was adopted as of course by Surrogate FOWLER. From the determination of Surrogate FOWLER acting as an assessing officer an appeal was taken under section 232 to the surrogate, and came on to be heard before Surrogate COHALAN. Upon this appeal the determination was modified and certain remainders which originally had not been taxed were added to the property taxable under the law. After the order had been entered upon this judicial determination by the surrogate this appellant appealed again to the surrogate, and the order dismissing this appeal the appellant seeks here to review.

It is clear that the only appeal authorized to the surrogate is an appeal from the order of the surrogate acting as an assessing officer. After such an appeal upon which he has made his judicial determination there is no further appeal pro-

vided for to the surrogate. If either party is dissatisfied with the determination of the surrogate upon that appeal his only remedy is to appeal to the Appellate Division. The claim of the appellant here, however, is that upon that appeal to the surrogate certain property was added to the list of property taxable, and in adding that property he was simply acting as an assessing officer, so that an appeal to the surrogate himself under section 232 would be required from that part of the order. This clearly cannot be so. It is not possible that the review by a surrogate is partly judicial and partly ministerial. The review is upon notice to all parties interested, so that the determination is in all respects a judicial determination, and it was clearly not in the contemplation of the Legislature that an appeal to the surrogate should be had from a judicial determination made by himself.

The order of the surrogate dismissing the appeal should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE P. J., McLAUGHLIN, SCOTT and DAVIS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.