the decedent, both within and without the state of New York, should be included in determining the proportion of deductions allowable for foreign debts and administration expenses.

*A. Welles Stump* and *Charles A. Curtin* for appellant.
*William L. Woodward* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., McLAUGHLIN, CRANE and ANDREWS, JJ. Dissenting: HOGAN, CARDOZO and POUND, JJ.

---

In the Matter of the Transfer Tax upon the Estate of GEORGE R. FEARING, Deceased.

STATE TAX COMMISSION, Appellant; GEORGE R. FEARING, JR., et al., as Executors, Respondents.

*Tax — transfer tax — non-resident decedent — basis of deductions for debts due New York creditors.*

*Matter of Fearing*, 206 App. Div. 657, affirmed.
(Argued November 19, 1923; decided December 4, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 6, 1923, which unanimously affirmed an order of the New York County Surrogate's Court assessing a transfer tax upon the estate of George R. Fearing, deceased.

The Appellate Division certified that the following questions were involved:

"(1) In adjusting the transfer tax in the estate of a non-resident who died in 1920 leaving taxable and non-taxable personalty within the state of New York sufficient to pay all debts and expenses of administration and also leaving real estate within the state of New York, should a proportion of the debts due to New York creditors, equal to the proportion that the total taxable property bears to the total property, taxable and non-taxable, be deducted from the taxable property?

"(2) In adjusting the transfer tax upon the estate of

a non-resident testator, who died in 1920, should the deduction for debts due New York creditors be prorated in the ratio that the value of all the taxable property within the state of New York bears to the value of the gross estate, taxable and non-taxable, including realty in this state but excluding property within this state specifically bequeathed?

"(3) In adjusting the transfer tax in an estate similar to the estate of George R. Fearing, who died in 1920, a non-resident, should the deduction for debts due New York creditors be prorated in the ratio that the value of all the taxable property within the state of New York bears to the value of the gross estate, taxable and non-taxable, including realty in this state but excluding property within this state specifically bequeathed?"

The surrogate had held that the debts due New York creditors should be prorated in the ratio that the value of the taxable property in this state bears to the value of the gross estate, taxable and non-taxable, in the state, including real estate but excluding property within the state specifically bequeathed.

*A. Welles Stump* and *Charles A. Curtin* for appellant.
*Heber Smith* for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Transfer Tax upon the Estate of
GEORGE P. WETMORE.

STATE TAX COMMISSION, Appellant; EDITH M. K. WETMORE et al., as Executrices, Respondents.

*Tax — transfer tax — non-resident decedent — dower properly deducted from New York real estate in assessing transfer tax.*

*Matter of Wetmore,* 206 App. Div. 614, affirmed.
(Argued November 19, 1923; decided December 4, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-