In the Matter of the Estate of FREDERICK W. COOKE, Deceased.

Surrogate's Court, New York County, December 11, 1924.

**Taxation — transfer tax — non-resident decedent — Tax Law, § 221-c, construed and applied — in fixing aggregate transfer word " deductions " includes " exemption "— exemption to New York transferee is ratio of net New York transfer to net transfer of entire estate.**

Section 221-c of the Tax Law, which was added by chapter 432 of the Laws of 1922, in effect April 1, 1922, is to be construed as providing, in the case of non-resident decedents, that only so much of the exemption of $5,000 to certain beneficiaries of the one per cent class is to be allowed, as is represented by the ratio which the taxable net New York transfer bears to the net transfer of the assets wherever situated.

The word " exemption " in the statute is included in the word " deductions."

APPEAL from order fixing the transfer tax.

*William W. Wingate,* for the appellant.

*Charles A. Curtin,* for the State Tax Commission.

FOLEY, S.:

The question at issue involves the interpretation of section 221-c of the Tax Law, which was added by chapter 432 of the Laws of 1922, in effect April 1, 1922. The decedent was a non-resident and died on the 30th of August, 1922. The appraiser has reported that certain beneficiaries within the one per cent class are entitled to a deduction of twenty-seven per cent of the $5,000 exemption under section 221-a. This percentage is fixed under the provisions of section 221-c by computing the ratio between the net New York transfer and the net transfer of the assets of the estate wherever situated. The executor in this appeal contends that the widow and children of the decedent are entitled to the full exemption of $5,000 upon the respective transfers to each of such beneficiaries. The appeal must be overruled.

Section 221-c of the Tax Law reads as follows:

" Rule for fixing the tax upon transfers from nonresident decedents. To fix the tax in the case of a transfer from a nonresident decedent, determine

"*First.* The aggregate transfer; that is, the fair market value of

the property, real or personal, whether within or without the State, passing to the transferee from the estate of the decedent after making the deductions computed as if the decedent were a resident of this State and all his property were located within this State.

"*Second*. The New York transfer; that is, the fair market value of that part of the property, included in said aggregate transfer, passing to the transferee from property of which the transfer is taxable under this chapter, after computing the deductions as aforesaid.

"*Third*. The tax which would be imposed upon such aggregate transfer if the whole thereof were taxed under this chapter.

" The amount of the tax upon the transfer taxable hereunder shall be such a part of what the tax would be upon said aggregate transfer, as the said New York transfer bears to the said aggregate transfer, but without increasing the graded rate by the inclusion of property without the State and without taxing transfers of which the amount is not over five hundred dollars."

The purpose of this section is accurately and briefly stated in the letter of a former president of the State Tax Commission, published in Gleason and Otis " Inheritance Taxation " (3d ed. p. viii of the introduction) in the following words:

" Chapter 432 adds Section 221-c to the tax law which describes the manner of computing the tax on property left by a nonresident and which is taxable in this State. The amendment provides that only a proportionate part of the debts due New York creditors *and of the exemptions allowed to legatees shall be deducted, instead of the entire amount of such items as the statute has been administered in the past.*"

It is clear that under the statute and the events preceding its enactment it must have been the intention of the Legislature to include within the word " deductions " the word " exemption " and to prorate the exemption as well as deductions for administration expenses and debts. This amendment changed the rule theretofore laid down in *Matter of Porter* (148 App. Div. 896, affg. 67 Misc. 19) and other cases, which permitted the deduction of all the New York debts from the New York assets in ascertaining the value of the New York transfer and provided for the deduction of the total statutory exemption. The amendment made by our Legislature in 1922 was copied from the provisions of the New Jersey Transfer Tax Statute dealing with the valuation of non-resident's estates (Laws of New Jersey of 1909, chap. 229, § 12, as variously amended, construed in *Matter of Dellinger's Estate*, 120 Atl. 27). The constitutionality of the rule of taxation fixed by that

statute for the proportional taxation of non-residents' estates was sustained by the United States Supreme Court in *Maxwell* v. *Bugbee* (250 U. S. 525, 539).  Neither the word " exemption " nor " deductions " is used in the New Jersey statute, but it has been construed and applied to provide for a proportional exemption rather than the deduction of the full statutory exemption to preferred beneficiaries. This decision of the United States Supreme Court had been rendered October 27, 1919, prior to the introduction and the enactment of the New York amendment of 1922, but it must be presumed to have induced in part the change of the former rule by the Legislature. The word " deductions " in section 221-c must, therefore, be deemed to comprehend and include the word " exemption " and the exemption must be prorated under the rules laid down in that section.

Submit order overruling the appeal.