In the Matter of the Transfer Tax upon the Estate of EDNA WILSON, a Non-resident, Deceased.

STATE TAX COMMISSION, Appellant; G. SEARING WILSON and Others, as Executors, etc., of EDNA WILSON, Deceased, and Others, Respondents.

First Department, January 15, 1926.

Taxation — transfer tax — non-resident decedent — rule for determining net value of New York estate and for fixing tax upon transfer from non-resident decedent — proportionate deductions from estate, real and personal, for debts and expenses — Tax Law, § 220, subd. 3, as amd. by Laws of 1922, chap. 430, and § 221-c, as added by Laws of 1922, chap. 432, construed and applied.

To ascertain the net value of the New York estate of a non-resident decedent, for the purpose of fixing the tax upon a transfer from such non-resident decedent to a New York transferee under the 1922 amendments to the Tax Law, relating to transfer taxes, the real property in the estate situate in New York State must be included when prorating the deductions for debts and expenses permitted by section 221-c of the Tax Law (as added by Laws of 1922, chap. 432), because otherwise the artificial rule or fiction, created by subdivision 3 of section 220 of the Tax Law (as amd. by Laws of 1922, chap. 430) in non-resident estates, of prorating the New York estate, both real and personal, among the legatees, general and residuary, for the purpose of taxing the estate in this State, cannot be considered as equitable.

APPEAL by the State Tax Commission from so much of an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 5th day of June, 1925, overruling, on appeal to the surrogate, the report of the transfer tax appraiser and amending an order dated the 24th day of April, 1925, fixing the transfer tax, by including the real estate in the estate in prorating the deductions.

*Charles A. Curtin* [*Seth T. Cole* of counsel], for the appellant State Tax Commission.

*Harry Baer*, for the respondents.

McAvoy, J. The order of the surrogate fixing the amount of the transfer tax on the estate of a non-resident decedent, who died

on December 15, 1923, under section 221-c of the Tax Law (as added by Laws of 1922, chap. 432),* is challenged by this appeal as an erroneous determination. The law under which the tax was laid was in effect on the date of the transfer, and the State Tax Commission asserts that its terms were improperly construed, because the surrogate made in his order proportionate deductions for debts and funeral and administration expenses from the real property of the estate before assessing the tax.

We have already ruled, in effect, in *Matter of Nesbitt* (204 App. Div. 504; affd., 237 N. Y. 527) and again in *Matter of Fearing* (206 App. Div. 657; affd., 237 N. Y. 528) that the scheme of the New York Tax Law under the amendments of 1922 was to prorate the net New York estate to the entire net estate situated everywhere, and then prorate the net New York estate to all the legatees, both general and residuary. The statute directs, without equivocation, that the entire net estate be first ascertained, making deductions to find out the net as though the decedent were a resident and all his property were located in this State; and that then the net New York estate be determined by computing deductions in the same manner.

The State Tax Commission ruled that the net New York estate should be found by making deductions only from the personalty. Subdivision 3 of section 220 of the Tax Law (as amd. by Laws of 1922, chap. 430)† provides an artificial rule of prorating the New York estate of a non-resident, and requires that it be prorated as to both real and personal property among all the legatees, general and residuary.

The report in this case prorates the New York realty to the payment of all legatees at a ratio slightly in excess of forty per cent. There is no reason, therefore, why a proportion of the deductions for debts and expenses should not be allowed to the realty here. If there is to be no prorating of deductions to the realty in New York, when all the estate in New York of a non-resident is realty, the estate would get no deduction here at all on account of debts and expenses. In this case practically the entire estate in New York is realty. There was sufficient personal property in this estate to pay all the debts, expenses and general legacies, thus leaving all the real property to the residuary legatees who were children and grandchildren. Under the artificial rule

---

* Since repealed by Laws of 1925, chap. 143, in effect July 1, 1925. See, however, Tax Law, art. 10-A, as added by Laws of 1925, chap. 143, relating to " Taxable Transfers — Nonresidents." See, also, Tax Law, §§ 248, 248-a, 248-p, as added by Laws of 1925, chap. 143.— [REP.

† Since repealed by Laws of 1925, chap. 143. See footnote *supra*, p. 203.— [REP.

of prorating the real property to the payment of legacies, general and residuary, the real property ought to share in the deductions for debts, funeral expenses and administrative charges, otherwise the fiction of prorating the New York estate, both real and personal, among all the legatees, general and residuary, for the purpose of taxing the estate here cannot be considered as equitable.

The order should be affirmed, with costs.

Clarke, P. J., Dowling, Merrell and Burr, JJ., concur.

Order so far as appealed from affirmed, with costs.