In the Matter of the Estate of FRED A. BRYAN, Deceased.

Surrogate's Court, New York County, March 5, 1926.

Taxation — transfer tax — Tax Law, § 221-c, as in effect on July 23, 1924, authorized deduction of all debts of estate of non-resident decedent wherever situated — computation of transfer tax of non-resident dying July 23, 1924, without consideration of debts incurred from property outside State, error — rule, under Tax Law, § 230, as to computation of tax on certain remainders if contingencies and conditions had happened on date of appraisal.

Section 221-c of the Tax Law, as in effect on July 23, 1924, authorized a deduction upon the computation of transfer tax on estates of non-resident decedents of all the debts of the decedent from the gross estate wherever situated, notwithstanding the provision of section 230 of the Tax Law.

Accordingly, in a proceeding to fix the transfer tax on decedent's estate, who was a non-resident, it was error not to consider debts incurred in connection with certain real and personal property situated outside the State in determining the sum to be deducted from the taxable New York estate; the effect of this decision is limited to estates of non-resident decedents who died between April 1, 1922, the date when section 221-c of the Tax Law became effective, and July 1, 1925, when it was repealed by chapter 143 of the Laws of 1925.

The " contingencies or conditions " mentioned in section 230 of the Tax Law refer to the several assumptions in a will as to the duration of the precedent estate or estates and the person or class of persons who may take the remainder when it

ultimately vests; therefore, the tax which would be due on certain remainders if the contingencies or conditions had happened at the date of the appraisal is that which would accrue if the precedent estate or estates are terminated and the remainder vested on that date.

There is no statutory provision for estimating the tax at the " lowest " rate which on the happening of any of the contingencies or conditions would be possible.

APPEAL by executors of non-resident from order fixing transfer tax.

*Hawkins, Delafield & Longfellow,* for the executors.

*Charles A. Curtin,* for the State Tax Commission.

FOLEY, S.   This appeal is taken by the executors of the estate of the decedent, a non-resident, from the order fixing the transfer tax on the grounds (1) that debts incurred in respect to certain real and personal property situated outside this State were not considered in determining the sum to be deducted from the taxable New York estate; (2) that the tax which would be due on certain remainders if the contingencies or conditions had happened at the date of the appraisal is based on an erroneous assumption and is incorrect.

(1) The decedent died on July 23, 1924.   The appeal on the first ground is sustained.   The form of section 221-c of the Tax Law (as added by Laws of 1922, chap. 432), as in effect at the date of decedent's death, provided a complete scheme for the computation and determination of the transfer tax in the estates of non-resident decedents.   That section has since been repealed by chapter 143 of the Laws of 1925.   The first step in the calculation of the tax, under the provisions of that section, was the deduction of *all the debts* of the decedent from the gross estate wherever situated. (See *Matter of Cooke,* 124 Misc. 347; *Matter of Wilson,* N. Y. L. J. May 28, 1925; affd., 215 App. Div. 202.)   In this estate, therefore, the debts affecting both realty and personalty located outside the State, should have been included in the deductions made in order to ascertain the aggregate transfer.

The State Tax Commission's contention that the paragraph of section 230 of the Tax Law (as amd. by Laws of 1924, chap. 657)* which provides that no deduction shall be made from the appraised value of the property transferred on account of any liability of the decedent incurred by the acquisition, care, improvement, etc., of property *without the State,* the transfer of which is not subject to tax, must be overruled.   That provision of section 230 has no application to the computation of the tax under section 221-c, subdivision 1.   The latter subdivision reads as follows: " The aggregate transfer; that is, the fair market value of the

---

* Since amd. by Laws of 1925, chap. 144.— [REP.

property, *real or personal, whether within or without the State,* passing to the transferee from the estate of the decedent after making the deductions computed as if the decedent were a resident of this State · and all his property were located within this State." It will be noted that in computing the aggregate transfer in a non-resident's estate under section 221-c, property, both real and personal, without the State is specifically to be included. The debts affecting such property must likewise be included in the general deductions. The provisions of section 230, quoted in substance above, clearly applied only to resident estates and were primarily intended to prevent the allowance of a debt, for example a mortgage upon real property, as a deduction where the transfer of the specific property affected by the debt was exempt from taxation by the State of New York. If such a debt could be deducted in a resident's estate, it would be possible to unfairly reduce the value of the transfer of other property which was subject to the taxing power of our State. I hold, therefore, that in this non-resident's estate, debts affecting property without the State must be deducted in ascertaining the aggregate transfer. Necessarily the effect of this decision is limited to estates of non-resident decedents who died between April 1, 1922, the date when section 221-c was enacted, and July 1,. 1925, when it was repealed.

(2) The appeal on the second ground is denied. The " contingencies or conditions " mentioned in section 230 of the Tax Law refer to the several assumptions in a will as to the duration of the precedent estate or estates and the person or class of persons who may take the remainder when it ultimately vests. The tax " which would be due if the ' contingency or condition ' had happened at the date of the appraisal " is that which would accrue if the precedent estate had terminated and the remainder vested on that date. As I stated in *Matter of Cummings* (115 Misc. 276, 279): " Section 241 of the statute contemplates fixing an actual minimum tax to be computed as if the ' contingencies or conditions had happened at the date of the appraisal.' The statute also contemplates the termination of the prior [life or temporary] estate [or estates] at that date and the ascertainment of the persons in being in whom the estate would then vest in possession and enjoyment. Gleason & Otis Inheritance Taxation, 477–481; Chrystie Inheritance Taxation, 824." (See, also, *Matter of Billingsley,* 1 State Dept. Rep. [Unofficial] 569; Chrystie Inheritance Taxation, 725.) I did not hold in the *Cummings Case* (*supra*), as appears to be assumed by the appellants, that contingent remaindermen living at the date of the appraisal be considered as non-existent for the purpose of assessing the tax at the lower rate.

The phrase " at the date of the appraisal," used repeatedly in sections 230 and 241 of the Tax Law (as respectively amd. by Laws of 1924, chap. 657, and Laws of 1921, chap. 476)* would be meaningless if the interpretation contended for by the appellants is correct. The purpose of the act was to limit the assumption, as to the vesting, to the actual condition which existed at the date mentioned. The time chosen, though purely arbitrary, is convenient since it immediately precedes in due course the making of the *pro forma* order.

There is no statutory provision for estimating the tax at the " lowest " rate which on the happening of any of the contingencies or conditions would be possible.

Submit order modifying order fixing transfer tax in accordance with this decision.

---

* Since amd. by Laws of 1925, chap. 144.— [REP.
† Revd., 216 App. Div. ——.— [REP.