In the Matter of the Transfer Tax upon the Estate of FRED A. BRYAN, Deceased.

ESTELLA M. BRYAN and Another, Executors, etc., of FRED A. BRYAN, Deceased, Appellants; STATE TAX COMMISSION, Respondent.

First Department, December 3, 1926.

**Taxation — transfer tax — interest on amount deposited to pay tax on contingent remainder — property was left in trust for benefit of testator's widow for life with remainder to certain charities and to certain individuals or their wives or issue — all remainder was to vest in charities exempt from taxation in case all other remaindermen died before widow — surrogate properly determined that portion of tax on property, over which widow had power of appointment, should bear interest — non-interest bearing portion of tax should be fixed at such amount as is represented by tax at minimum rate applicable to any contingency — in present proceeding, since under certain contingencies property may pass to exempt charities and no tax would be payable, entire amount should bear interest.**

The surrogate, in fixing the amount of transfer tax on the transfer of certain remainders, under section 241 of the Tax Law, prior to the amendment thereof by chapter 144 of the Laws of 1925, properly determined that a transfer tax on that portion of the fund left in trust for the benefit of the testator's widow, over which she had the power of appointment, should bear interest.

The surrogate should have fixed the non-interest bearing portion of the tax at such an amount as is represented by a tax at the minimum rate applicable to any contingency.

Since the property in question was left in trust for the benefit of the testator's widow for life, with the remainder to certain individuals or their wives or issue, or in case all of said individuals should die before the widow, then the remainder to go to certain exempt charities, there is a possibility of the contingency arising whereby the entire remainder will go to exempt charities, and, therefore, the surrogate should have determined that the transfer tax on all of the remainder, which may under certain contingencies go to exempt charities,

should bear interest, for, if the contingencies arise, whereby the fund is paid to exempt charities, the entire contingent remainder tax will have to be refunded.

APPEAL by Estella M. Bryan and another from so much of an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 9th day of April, 1926, as fails to allow interest on the whole of a temporary payment of the transfer tax on the estate of Fred A. Bryan, deceased.

*E. J. Dimock* of counsel [*Hawkins, Delafield & Longfellow,* attorneys], for the appellants.

*Charles A. Curtin* [*A. Welles Stump* with him on the brief], for the respondent.

McAVOY, J. The executors of this estate are dissatisfied because the Surrogate's Court in New York county failed to allow interest on the whole of a temporary payment of a tax on the transfer of certain remainders dependent upon prescribed conditions and contingencies.

The Transfer Tax Law of this State (§ 230, as amd. by Laws of 1924, chap. 657; since amd. by Laws of 1925, chap. 144) provides for immediate payment of the tax on the transfer of " rights, interest or estate " which are " dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, * * * at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible." By a recent amendment of the Tax Law, section 241 thereof was altered so as to provide that the State should pay interest on the whole of such a temporary payment of tax before the contingency happens pending the vesting of the estate. (Laws of 1925, chap. 144.) Prior to March 16, 1925, when the mentioned amendment became effective, a portion of such a tax might exist upon which the State was not required to pay interest. This estate is governed by the earlier statute. The surrogate was thus required under the former statute to ascertain and fix in his order the non-interest-bearing portion of such a tax.

The testator died in Indiana on the 23d day of July, 1924, but certain of his property was subject to transfer tax by the State of New York. Such property, so taxable, was the subject of a trust to take effect in possession and enjoyment at the testator's death. This trust was created by a deed in January, 1923. Under article " Second " of this deed of trust an estate for life in the decedent's widow was created with remainder to certain charities and to certain individuals or their wives or issue. In the event of the death of all these individuals and of all their wives and

issue prior to the death of the widow, all of the remainder would vest in charities which are exempt from taxation.

These executors, therefore, contend that since all of the tax paid on the transfer of the contingent remainder at the highest rate might prove finally to have been an overpayment, such payment to the State should bear interest in its entirety and the non-interest-bearing portion of the tax on the transfer of this contingent remainder should be fixed at the lowest amount which could be calculated under any set of contingencies or conditions possible at the date of the appraisal. This would fix the non-interest-bearing portion at nothing.

The surrogate decided, however, that there was no warrant in the statute for fixing the non-interest-bearing portion of the payment at the lowest possible tax. (126 Misc. 695.) A portion of the payment, however, was held to be entitled to the payment of interest, because under the trust deed the widow has a testamentary power of appointment over a portion of the fund, and if she exercises this power of appointment the transfer of that portion of the remainder affected by the exercise of the power will not be taxable as part of this estate, but that transfer will be regarded as made in the estate of the donee of the power. So much of the tax as was paid on account of the estate for that part of the remainder which may hereafter be taxable in a different estate was, therefore, directed to bear interest. All the remainder of the tax was fixed as the non-interest-bearing portion of the tax.

We think that in addition to the interest-bearing portion of the tax so fixed at the amount which may go by appointment in another estate, the tax upon the whole of the remainder should bear interest, because the whole remainder may ultimately go to exempt charities, and thus the entire contingent remainder tax may be finally refunded.

In *Matter of Brez* (172 N. Y. 609) Judge CULLEN expressed the view that the method of computing and paying the tax was a seeming injustice to the life tenant. He said that the interest on the excess of the tax between what was possible of happening and what actually did happen upon the falling in of the contingent remainder ought fairly to go to the life tenant. But he points out that since the life tenant's interest has ceased by his death the repayment can only go to his estate, and he remarks this is hardly an equivalent for the diminution of his income during life, which income is often necessary for his support. He then says that " bearing in mind the general character of the tax and that the Legislature has deemed it right to prescribe different rates of taxation depending on the relation of the legatee or devisee to the

deceased, if it is desired to make taxes on remainders payable immediately, it would be fairer to the life tenant to have the tax assessed at the lowest rate of any succession provided for by the will, and in case the remainder eventually vesting should prove taxable at a higher rate, then such increased tax should be payable at the time of its enjoyment."

The apparent injustice of depriving the holder of the life estate of interest upon the difference between the amount of the tax at the lowest rate and the amount of the tax at the highest rate led to the passage of an amendment to section 241 of the Tax Law by chapter 800 of the Laws of 1911.*  This amended section reads as follows: " * * * Whenever the tax on a contingent remainder has been determined at the highest rate which on the happening of any of said contingencies or conditions would be possible under the provisions of this article, the State Comptroller * * * when such tax is paid shall retain and hold to the credit of said estate so much of the tax assessed upon such contingent remainders as represents the difference between the tax at the highest rate and the tax upon such remainders which would be due if the contingencies or conditions had happened at the date of the appraisal of said estate, and the State Comptroller * * * shall deposit the amount of tax so retained * * * to the credit of such estate, paying the interest thereon when collected by him to the executor or trustee of said estate, to be applied by said executor or trustee as provided by the decedent's will."

In *Matter of De Cordova* (199 App. Div. 492) this amendment was construed to mean that " the original order [fixing tax] should have fixed the amount of the transfer tax at both the maximum and minimum rate applicable to any of the contingencies of succession under the will of the testator."

While the words of the statute do not direct the fixing of the non-interest-bearing amount of the tax at such a sum " which would be due if the contingencies or conditions had happened which would result in the lowest tax possible at the date of the appraisal," yet when it is considered that the only method by which the interest payable by the State can be brought down to the lowest charge consistent with that protection to the life tenant which the Court of Appeals in *Matter of Brez* (*supra*) thinks should be given, is to provide for calculation of the non-interest-bearing portion of the tax pending the final vesting of the remainder to occur on each occasion, when any event occurs in respect of succession in the estate which decreased the amount of tax potentially recoverable

---

* Since amd. by Laws of 1925, chap. 144.— [REP.

as a refund from the State, and upon reflection that such a scheme where there were very many contingencies postponing the vesting of the estate, both as to its duration and as to the persons ultimately entitled thereto, would be quite impracticable, we conclude that the practical method of arriving at this desirable result of cutting down the burden of the life tenant and making the State's payment of interest as light as possible is to fix the non-interest-bearing portion of the tax at such an amount as is represented by the tax at the minimum rate applicable to any of the contingencies of succession. Under the will of the testator and construing section 241 of the statute in this way the amount surely potentially recoverable as a tax upon the contingent remainder is nothing, since the estate may ultimately go under some of the contingencies or conditions to exempt charities and no tax be then payable. Interest should, therefore, be paid on the entire sum deposited to pay the contingent remainder tax if ultimately recoverable.

The order should, therefore, be reversed, with costs to appellants, and the matter remitted to the Surrogate's Court to proceed in accordance with this opinion.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Order, so far as appealed from, reversed, with costs to the appellants, and the matter remitted to the Surrogate's Court for further action in accordance with opinion.