In the Matter of the Estate of GEORGE S. HUNTINGTON, Deceased.

Surrogate's Court, New York County, June 26, 1929.

*Gould & Wilkie* [*C. R. Oates* of counsel], for the executor.

*Charles A. Curtin*, for the State Tax Commission.

O'Brien, S. The State Tax Commission takes this appeal from the order of the surrogate made on the 2d of November, 1928, which date is erroneously stated in the notice of appeal as October 18, 1928, modifying the previous order assessing tax made on June 4, 1928, upon the following grounds: (1) That the tax on the vested interests of Annie H. O'Donnell, Katharine Huntington, Frances H. LeBouvier, Elizabeth Carmalt and Churchill Carmalt should be eliminated; (2) that the contingent remainder taxable to the trustees for a person in the five per cent class should be increased from $275,769.07 to $330,922.89; (3) that the item of $469.46, contained in the original order and assessed contingently against the trustees for a person in the one per cent class, should be eliminated therefrom owing to the death of Elizabeth Huntington.

The decedent died on January 5, 1927. He was survived by his widow, Alice A. K. Huntington, four children of his own and two stepchildren, the latter two being recognized as mutually acknowledged children of the testator for purposes of taxation. The children who survived the testator were Elizabeth Huntington and the five others named in the first ground of appeal above. By his will the testator established a trust of his residuary estate, the income to be paid to his widow for life. Upon the death of the widow the trustees are directed to hold in trust for the respective lives of each of the six children a one-sixth share of the residuary estate, with remainder over to the issue, *per stirpes*, of each child. In the event of the death, without issue, of any of the children prior to the death of the primary life tenant, the share held in trust for such child is distributable in equal shares to the surviving children and to the issue of any who may have died prior thereto. Elizabeth Huntington, one of the children, died without issue on May 11, 1928, whereupon her one-sixth interest in the residue became vested in the other five surviving children. The original taxing order assessed against the testator's widow a tax on the present value of her life interest in the residuary estate which, after making allowance for the trustees' commissions, amounted to $330,922.89. It temporarily assessed against the trustees for the benefit of each of the six children, respectively, a tax on the present value of a contingent surviving life interest in one-sixth of the full undiminished value of the residuary estate. It also temporarily assessed against the trustees a tax on the full undiminished value of the residuary estate upon the assumption that the whole fund might vest in the issue of one of the stepchildren. The modifying order eliminated the temporary tax assessed against the trustees on the present value of Elizabeth Huntington's contingent surviving life interest in one-sixth of the residue. It also fixed

the value of the interest of each of the five surviving children in this fund. The value of the interest of each child was fixed as one-fifth of the value of the remainder in this fund, which remainder was arrived at by deducting from the fund the present value of the life interest of the decedent's widow computed as of the date of death of Elizabeth Huntington. The interests of the surviving children in the fund in which Elizabeth Huntington had a contingent surviving life estate were thus treated, in the modifying order, as vested interests. For this reason the full undiminished value of the residuary estate, temporarily taxed against the trustees, was reduced by one-sixth, namely, from $330,922.89 to $275,769.07. From this order the Tax Commission appeals.

The first ground of appeal is denied, subject, however, to the modification hereinafter set forth. It is the contention of the Tax Commission that the full undiminished value of the fund in which Elizabeth Huntington had a contingent surviving life interest, namely, one-sixth of the residuary estate, should continue to be contingently taxable until the termination of the trust, that is, until the death of the primary life tenant, Alice A. K. Huntington. With that contention I cannot agree. Section 230 of the Tax Law (as amd. by Laws of 1925, chap. 144; since amd. by Laws of 1928, chap. 549) provides in relation to trust property: " * * * that on the happening of any contingency whereby the said property, or any part thereof, is transferred to a person or corporation exempt from taxation under the provisions of this article, or to any person taxable at a rate less than the rate imposed and paid, such person or corporation shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person or corporation should pay under the provisions of this article, computed upon the full, undiminished value of the property as aforesaid; and the executor or trustee of each estate, or the legal representative having charge of the trust fund, shall immediately upon the happening of said contingencies or conditions apply to the surrogate of the proper county, upon a verified petition * * * for an order modifying the temporary taxing order of said surrogate so as to provide for the final assessment and determination of the tax in accordance with the ultimate transfer or devolution of said property. If application for modification of the temporary taxing order is not made within six months after the happening of any contingency or condition the tax as finally fixed and determined shall bear interest at the rate of six per centum per annum from the date when such contingency or condition happened to the date of the entry of the modifying order * * *."

Section 241 (as amd. by Laws of 1927, chap. 402), which must be read in connection with section 230, provides that " Upon the happening of the contingencies or conditions whereby the property transferred ultimately vests in possession, if it then passes to persons taxable at the highest rate, the state comptroller on the certificate of the tax commission, shall turn over the amount so retained to the state treasury, or if the property transferred ultimately vests in persons taxable at a lower rate or a person or corporation exempt from taxation by the provisions of this article, the state comptroller on the certificate of the tax commission shall refund any excess of tax so held to the executor or trustee of the estate   *   *   *."

The one-sixth of the residuary estate in which Elizabeth Huntington had a contingent surviving life interest was " transferred to persons taxable at a lower rate " and ultimately devolved upon the other surviving children on her death.   The contingency which effected this transfer and devolution was the death of Elizabeth Huntington.   The statute prescribes that upon the happening of such a contingency the executors " shall apply " for an order modifying the taxing order in accordance with such devolution and in fact penalizes them if they fail to do so.   Also, this fund has " ultimately devolved " within the meaning of the statute. The takers of the fund and the amount to which each is entitled became definitely fixed on Elizabeth Huntington's death.   The fact that the fund is subject to the life interest of the widow is immaterial.   The tax on her interest was fixed by the original taxing order and was finally assessed against her.   It is subject to no change or modification whatever.   (*Matter of White*, 208 N. Y. 64.)   The statute provides that the order shall be modified upon the happening of any contingency whereby the property " or any part thereof, is transferred   *   *   *."   Surely this one-sixth interest is a part of the full undiminished remainder and it has been transferred by Elizabeth Huntington's death.

To hold that this fund should continue contingently taxable until the death of the primary life tenant would be manifestly unfair both to the State and to the estate.   The State is presently entitled to its tax on this fund and this it should have.   It should not be deprived of the interest on this money during the period of life of the primary life tenant.   Likewise the estate is entitled to a return of so much of the contingent tax as is no longer needed to secure to the State the ultimate collection of its final tax.   The tax on this fund was originally temporarily assessed upon the theory that the property might ultimately vest in a person taxable in the five per cent class.   Such has now become an impossibility and the continuation of that much of the deposit as is a tax on

this fund is entirely unnecessary.  This case is manifestly different from one in which the remaindermen would be incapable of ascertainment until the death of a primary or secondary life tenant. In the latter instance the deposit would necessarily be retained by the State Tax Commission until the termination of the trust because at that time only could the remaindermen and the amount to which each would be entitled be determined.

However, the order modifying the taxing order should be reversed in so far as it values the interest of each of the five surviving children, respectively, as a one-fifth interest in the remainder of one-sixth of the residuary estate diminished by the value of the life interest of the primary life tenant computed as of the date of death of Elizabeth Huntington. *The order should have taxed against each of the five surviving children a one-fifth interest in the full undiminished value of this fund with due allowance made for the statutory exemption to a child.* The original taxing order assessed against the primary life tenant, Alice A. K. Huntington, an absolute tax upon the present value of her life interest.  It likewise contingently assessed against the trustees a tax upon the full undiminished value of the remainder interests.  The deposit made, to cover the ultimate tax to be assessed upon the remainder interests, is merely security for the subsequent payment of the tax.  During the period intervening between the death of the testator and the death of Elizabeth Huntington the estate has had the benefit of the interest upon this deposit.  There has been no diminution of the income of the life tenant and the remaindermen have not been called upon to pay any of the tax upon their remainder interests in this fund until the vesting of those interests.  In other words, the State has postponed its beneficial collection of the tax upon that portion of the remainder which has now vested until its actual vesting.  As is stated by Mr. Justice PROSKAUER, writing for the Appellate Division of the First Department in *Matter of Hecht* (219 App. Div. 656, 659; affd., 246 N. Y. 602; affd., *sub nom. Salomon* v. *State Tax Commission of New York*, February 18, 1929, —— U. S. ——, published in full in the New York Law Journal of March 16, 1929): " The remainderman loses an advantage that he had before the amendment, but is deprived of nothing to which he is entitled. Prior to the amendment he would at the date of vesting have received his remainder subject to a tax based on its present worth at the date of death.  Under *Matter of Seligmann* (170 App. Div. 837; affd., 219 N. Y. 656) if the tax was not payable until the date of vesting, it was proper for the authorities to assess at the face value of the remainder and not on its present worth.  That is exactly what is done under the revised scheme.  There is no

double taxation for the State does not secure the beneficial enjoyment of the tax until the date of vesting. * * * The State invades no constitutional right by assessing a contingent remainder at its face value rather than its present worth if the State postpones its beneficial collection of the tax until the date of vesting."

Likewise in *Matter of Seligmann* (*supra*) the court said: " The only theory upon which a different appraisement can be made is that the share of each son was given to him outright at the testator's death, payment merely being postponed." In the instant case the share of each of the surviving children in the fund in which Elizabeth Huntington had a contingent surviving life interest was not given outright by the will of the decedent with payment alone postponed. These interests vested in the surviving children upon the death of Elizabeth Huntington and not upon the death of the testator. For these reasons the taxing order must be accordingly modified.

In view of the foregoing the second ground of appeal is denied. The third ground of appeal is likewise denied for the reason that the tax therein referred to has been eliminated in the modifying order.

Submit order on notice modifying the order appealed from accordingly.