## In the Matter of the Estate of George H. Jones, Deceased.

Surrogate's Court, New York County, May 21, 1934.

*Edgar Hirschberg*, for the State Tax Commission, appellant.

*George Stamper*, for the trustees, respondents.

Delehanty, S.   This is an appeal by the State Tax Commission from the amended order fixing tax entered herein on February 13, 1934, on the ground that said order exempts from taxation the undiminished remainder which is taxable.   The testator died January 26, 1927, and by the terms of his will created a trust of his residuary estate for his wife during her life and upon her death directed the purchase of various annuities for his four brothers and sisters and a niece, with the remainder of the residuary outright to others.   The will permitted the trustees to invade the principal of the trust if necessary in order to maintain the widow in the style to which she was accustomed.   In the order fixing tax on the

appraiser's report entered January 12, 1928, a tax was assessed against the widow on the value of her life estate, and the full undiminished remainder of $145,623.02 was taxed to the trustees for the benefit of persons of the five per cent class. Thereafter, on September 29, 1933, the life tenant died and an amended order on motion was entered February 13, 1934, which purported to fix the tax in accordance with the happening of that contingency. This order taxed the value of the widow's life estate as fixed in the original order and then taxed the four brothers and sisters and the niece on $102,246.64, the amount necessary to purchase the annuities.

The trustees raise the preliminary issue that this appeal does not lie to the surrogate and that the only remedy of the State Tax Commission was an appeal to the Appellate Division. This preliminary contention of the trustees is overruled. In entering the order of February 13, 1934, the surrogate acted as an assessor pursuant to section 231 of the Tax Law, and not in his judicial capacity. The order was no different from the usual order fixing tax on motion and from which an appeal can only be taken to the surrogate acting in his judicial capacity. (*Matter of Costello*, 189 N. Y. 288.)

With respect to the merit of the question raised by this appeal the State Tax Department contends that the full undiminished remainder of $145,623.02 without diminution by the value of the widow's life estate should have been taxed in accordance with the devolution of the residuary estate under the terms of the will. It is evident that due to the provision of the will permitting an invasion of the principal of the trust it was impossible to determine whether there would be any residue for distribution on the death of the life tenant. The original order, therefore, properly suspended consideration thereof by taxing the full undiminished remainder to trustees for the benefit of persons of the five per cent class. Section 230 of the Tax Law provides as follows: " Estates in expectancy which are contingent or defeasible and in which proceedings for the determination of the tax have not been taken or where the taxation thereof has been held in abeyance, shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for purposes of taxation, upon which said estates in expectancy may have been limited."

The appeal of the State Tax Commission is, therefore, sustained. (*Matter of Seligmann*, 219 N. Y. 656; *Matter of Huntington*, 134 Misc. 873.) Submit order on notice modifying the order fixing tax in accordance with this decision.