In the Matter of the Estate of RUBIN SIEGEL, Deceased.

Surrogate's Court, New York County, April 30, 1936.

*Theodore Siskind,* for the petitioner.

*Edgar Hirschberg* [*John J. Buckley* of counsel], for the State Tax Commission.

FOLEY, S.   This is a motion by the trustee pursuant to section 233 of the Tax Law to compromise and irrevocably fix the tax on the contingent remainders of three trusts created by the will. The testator died February 5, 1922, and the original *pro forma* order assessing tax was made on April 7, 1924. That order computed the highest possible tax on the contingent remainders in question at the sum of $4,038.56 and likewise computed the tax that would be due, if the various life beneficiaries had died, at the date of appraisal, at $2,457.08. Pursuant to that order and the provisions of sections 230 and 241 of the Tax Law as then existing, the sum of $2,457.08 was paid absolutely into the State Treasury, and the sum of $1,581.48 (the difference between the two amounts) was deposited with the State Comptroller to the credit of the estate to await the ultimate vesting of the remainders.

Upon this application it is conceded that the highest possible tax of $4,038.56, as fixed in the original order, should be used as a basis for composition. The trustee contends, however, that the sum of $2,457.08, as fixed in the order, is not the lowest possible tax referred to in section 233 of the present Tax Law. His argument is to the effect that section 241 did not mention "lowest possible tax" and that the language "tax upon said remainder which would be due if the contingencies or conditions had happened at the date of the appraisal of said estate" did not contemplate fixing the lowest possible tax. On his computation, which in one instance assumes that one of the remainders may vest in eleven grandchildren who were not in existence at the date of appraisal of the estate, the lowest possible tax would be $1,509.94, and the resulting compromise tax would be $2,774.25 as against $3,247.82 which would result if the figures in the original order were used.

Section 233 of the Tax Law provides that the lowest possible tax shall be determined as of the date of composition, "except that if, in any case, the lowest possible amount of tax on the remainder was determined by the original taxing order *and paid* as therein provided, there shall be paid only one-half of the difference, if any, between the amount so determined *and paid* and the tax at the highest possible rate; and if the tax at the lowest possible rate was not so determined *and paid* there shall be paid, in addition to the amount hereinbefore specified, interest at the rate of five per centum per annum on the amount of the lowest possible tax, computed from the date of the transfer to the date of the payment hereunder. In any case where the lowest possible tax has been determined by the original taxing order the amount so determined shall be deemed the lowest possible tax for the purpose of applying the provisions of this section." (Italics mine.)

At the date of this decedent's death, section 241 of the Tax Law provided for the computation of tax upon contingent remainders as "if the contingencies or conditions had happened at the date of the appraisal of said estate." In *Matter of Bryan* (218 App. Div. 436) this language was construed to mean the lowest possible tax that would result if the contingencies or conditions had happened at that date. If the original order erroneously fixed the amount of the lowest possible tax, it was an error of law which should have been corrected by proper appeal to the surrogate. (*Matter of Fletcher*, 219 App. Div. 5; *Matter of Putnam*, 220 id. 34; *Matter of Wolfe*, 137 N. Y. 205; *Matter of Davis*, 149 id. 539; *Matter of Lauderdale*, 150 Misc. 214.)

In granting the privilege of compromise, under section 233 of the Tax Law, the Legislature has specifically provided that where the lowest possible tax had been fixed in the original order *and paid,* as in the instant case, that amount must be used as the basis for compromise. The section is clear and may not be amended by judicial interpretation. In addition, the representative of the estate has acquiesced in the absolute payment of what was fixed as the lowest possible tax for a period of almost twelve years. It is too late to repudiate the payment or to modify the order under which it was paid.

I hold, therefore, that under this section, the lowest possible tax, as computed in the original order, which was actually paid into the State Treasury, must be used as the lowest possible tax for the purpose of composition. Upon that basis only may this application to compromise be granted.

Submit order on notice accordingly.