In the Matter of Proposal or Plan by MORTGAGE COMMISSION OF THE STATE OF NEW YORK to Exercise Its Limited Powers with Respect to a Mortgage Covering Premises Known as 69-40 108th Street, Forest Hills, Long Island, Borough and County of Queens, City and State of New York, Guaranteed by Bond and Mortgage Guarantee Company and Designated as Guarantee No. 180,646. HARRY APPELMAN, Appellant; MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Respondent.— Order denying motion of the appellant, Harry Appelman, for an order classifying him as a dissenter to a plan or reorganization affirmed, without costs. No opinion. Hagarty, Davis Johnston, Adel and Close, JJ., concur.

In the Matter of the Examination of JOHN LUST and EMMA LUST, Respondents, in Proceedings Supplementary to Execution upon the Application of M. RENFREW BRADNER, Appellant, under a Judgment Recovered in an Action Entitled County Court, County of Orange, New York, M. RENFREW BRADNER, Plaintiff, v. JOHN LUST and EMMA LUST, Defendants.— Order of the County Court of Orange county, denying application by a judgment creditor to punish a judgment debtor for contempt, affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Davis, Johnston, Adel and Close, JJ., concur.

In the Matter of the Transfer Tax upon the Estate of PERCY B. PARKER Deceased. ERNEST T. LINDEMANN, as Ancillary Executor, etc., of PERCY B. PARKER, Deceased, Appellant; STATE TAX COMMISSION, Respondent.— Order of the Surrogate's Court of Richmond county, denying the motion of the ancillary executor to dismiss the appeal to the surrogate taken by the State Tax Commission from a pro forma order fixing the transfer tax, affirmed, without costs. We agree with the surrogate that the compromise order is made in an independent judicial proceeding which has for its primary purpose the compromise of the tax originally fixed in the pro forma order. The compromise order, despite its form, does not have the effect of superseding or displacing any order made by the surrogate in his judicial capacity. The pro forma order is one made by the surrogate in his administrative capacity as an assessor. (Matter of Costello, 189 N. Y. 288; Matter of Steinwender, 172 App. Div. 871; Matter of Jones, 151 Misc. 859.) Respondent, by appealing to the surrogate from such pro forma order within the time prescribed, is endeavoring to obtain a judicial review in the only manner available to it. (Tax Law, § 232; Matter of Siegel, 160 Misc. 144; Matter of Moore, Id. 265, and cases there cited.) Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.